**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP/AG:AF
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 31, 2017

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Joaquin Archivaldo Guzman Loera
Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

The government respectfully submits this letter in response to the Court's January 30, 2017 Order, which (1) seeks a response to the letter filed by the current counsel for Joaquin Archivaldo Guzman Loera (hereinafter "Guzman" or the "defendant"), Michael K. Schneider, Esq., and Michelle Gelernt, Esq., of the Federal Defenders Office, see Dkt. Entry No. 24; and (2) requests a line-item agenda for the status conference scheduled for February 3, 2017.

I. The Defendant's Appearance in Court

On January 25, 2017, the Court, sua sponte, ordered the defendant to appear for the status conference via video teleconference ("VTC") and requested that counsel file any objections to the order by January 30, 2017. Counsel for the defendant objected on various grounds. For the reasons set forth below, as a general matter, the presence of the defendant is not required during pretrial proceedings, unless evidence is to be taken.

A. Applicable Law

It is well-settled law that the defendant's appearance is not required for "a conference or hearing on a question of law." Fed. R .Crim. P. 43(b)(3). Federal Rule of Criminal Procedure 43(a) provides, in relevant part, that "the defendant must be present at: (1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing." Fed. R. Crim. P. 43(a). The Advisory Committee Notes explain that the principle set forth in Rule 43(a) "does not

apply to hearings on motions made prior to or after trial." Fed. R. Crim. P. 43 advisory committee's note. Rule 43(b), in turn, offers enumerated circumstances in which a defendant's appearance before the court is not required, such as conferences or any hearings on questions of law.

The Supreme Court has held that the defendant's right to be present for court proceedings is not absolute; rather, "so far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." Snyder v. Massachusetts, 291 U.S. 97, 107-08 (1934). In order to offend the Due Process Clause, a defendant's presence at the hearing in question must "bear, a relation, reasonably substantial, to his opportunity to defend," as the clause does not assure "the privilege of presence when presence would be useless, or the benefit but a shadow." Id. at 106-07. Numerous appellate courts—both within this Circuit and without—have held that a defendant's absence at myriad stages of trial and pretrial violated neither Rule 43 nor the Constitution. See, e.g., United States v. Jones, 381 F.3d 114, 123 (2d Cir. 2006) (holding that constitutional right to be present was not violated when district court conducted pretrial hearings on government's motion to disqualify his attorney outside his presence); Cohen v. Senkowski, 290 F.3d 485, 490 (2d Cir. 2002) (holding that constitutional right to be present not violated when defendant was not present during in-chambers exercise of juror challenges); United States v. Karmue, 841 F.3d 24, 27-28 (1st Cir. 2016) (holding there is no requirement that defendant be present at Daubert hearing); United States v. Burke, 345 F.3d 416, 423-24 (6th Cir. 2003) (holding there is no requirement that defendant attend pretrial suppression hearing); Taylor v. United States, 385 F.2d 835, 836 (8th Cir. 1967) (per curiam) (holding there is requirement that defendant be present for hearing on motion in limine). The government is unaware of any case holding that the Constitution requires the defendant to be present for a status conference at which no evidence is taken. Indeed, Rule 43(b)(3) specifically states that a defendant's presence at a conference or hearing on a question of law is not required, and, as at least one district court pointed out as recently as in 2009, "[n]o decision of the Supreme Court or any Court of Appeal has held that Rule 43 is unconstitutional." Robinson v. Graham, 671 F. Supp. 2d 338, 358 (N.D.N.Y. 2009). That remains true today.

As it is permissible for a court to exempt a defendant's presence altogether from all conferences or hearings on a question of law, then, a fortiori, it is permissible to allow the defendant to appear at such conferences and hearings via VTC.

B. February 3, 2017 Status Conference

Regarding the February 3, 2017 hearing, in its letter of January 27, 2017, see Dkt. Entry No. 23, the government requested that this Court conduct an inquiry as to the defendant's financial eligibility for court-appointed counsel. If the Court is inclined to conduct such an inquiry of Guzman during the status conference, then the government does not object to Guzman being produced. If, however, the Court is not inclined to make inquiries of the defendant, and instead would prefer to have Guzman submit a financial affidavit to aid the Court's determination of his eligibility for court-appointed counsel, then,

as stated below, the Court should exercise its discretion to allow the defendant to appear via VTC.[1]

Guzman asserts, without any legal support, that the VTC appearance may impede his ability to receive a fair trial in the district. As this Court indicated in its January 25, 2017 Order, Guzman's appearance by VTC would greatly minimize disruption from physical transportation. In light of Guzman's previous escapes from prison, his transportation requires numerous additional security measures and places a significant burden on the United States Marshals Service. Allowing Guzman to appear by VTC would relieve the public of the disruptions to traffic that would ensue every time the Marshals bring Guzman to court, not to mention the related unnecessary taxpayer expenditures. Considering the lack of any requirement, constitutional or otherwise, for Guzman's presence at these status conferences, and the purely speculative ill-effects of Guzman's presence by VTC, the Court is well within in its discretion to order that Guzman's future appearances at conferences or hearings on a question of law be through VTC.

## II. The Government's Line-Item Agenda

At the status conference, the government anticipates raising the following line-item issues:

- The potential disqualification of the Federal Defenders due to the defendant's financial ability to retain counsel; and

- A complex case designation of the case, pursuant to Title 18, United States Code, Section 3161(h)(7)(B).

[1] Notably, the defendant will be capable of answering the Court's questions if he participates via VTC, because VTC allows for two-way communication.

While there are other substantive issues the government intends to raise (such as the government's request for a protective order and the production of discovery), it is the government's position that it would be inappropriate to raise these substantive issues until the matter of the defendant's counsel has been clarified and decided.

Respectfully submitted,

ROBERT L. CAPERS
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

WIFREDO A. FERRER
UNITED STATES ATTORNEY
Southern District of Florida

cc: Michelle Gelernt, Esq. (counsel to defendant)
Michael Schneider, Esq. (counsel to defendant)