**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP/AG:MPR
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 7, 2017

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Joaquin Archivaldo Guzman Loera
Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

The government respectfully submits this letter in response to the defendant Joaquin Archivaldo Guzman Loera's ("Guzman" or the "defendant") request that the Court compel the Mexican Consulate or the government to produce the waiver of the Rule of Speciality issued by the Mexican government in connection with the defendant's extradition to the United States (the "ROS Waiver").[1] See Dkt. Entry No. 35. The defendant's request follows his repeated refusal to accept the very documents from the Mexican Consulate that he now seeks to compel. At the February 3, 2017 status conference, after the defendant and his counsel refused to accept the ROS Waiver the first time, the Court ordered that the ROS Waiver be provided to the defendant or his counsel. That same day, the Mexican Consulate again attempted to provide the defendant with the ROS Waiver but the defendant refused to sign a form acknowledging receipt of the ROS Waiver.[2] The Mexican Consulate has

---

[1] Article 17 of the Extradition Treaty between the United States and Mexico (the "Treaty") provides that a person extradited under the Treaty shall not be tried for an offense other than for which extradition has been granted. See Extradition Treaty between the U.S. and the United Mex. States, art. 17, May 4, 1978, 31 U.S.T. 5059. This is known as the Rule of Speciality under the Treaty. Id. Article 17 also states that Mexico can waive the Rule of Speciality, which it has done so here. See id. The ROS Waiver specifically authorizes the government to prosecute the defendant on the charges set forth in the above-captioned superseding indictment.

[2] After the status conference, an official from the Mexican Consulate, along with an agent, went to see the defendant and his counsel in the pens. The Mexican Consulate official

informed the government that under Mexican law, the defendant must sign this form before the Mexican Consulate can provide the documents to him. The defendant has refused to do so; thus, the Mexican Consulate cannot provide the ROS Waiver.

The government therefore will produce the ROS Waiver[3] and, for the following reasons, will do so in redacted form. In support of the government's request for the Mexican government to issue the ROS Waiver, the government submitted affidavits by certain cooperating witnesses. The ROS Waiver discloses the names of most of those witnesses, as well as provides summaries of the content of the affidavits. Disclosure of this information, especially prior to the entry of a protective order in this case, poses a significant risk of harm to the witnesses. See Gov't Mot. for Protective Order, Dkt. Entry No. 28 (discussing expansive power of, and extreme violence committed by, Sinaloa Cartel, led by defendant, and dangers of disclosure of witness statements to defendant); see generally Gov't Mot. for Detention, Dkt. Entry No. 17. Moreover, under 18 U.S.C.§ 3500, the summaries of the statements made by these witnesses are not subject to disclosure at this stage. See United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001) ("[The] Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements."). Accordingly, the government will produce a redacted copy of the ROS Waiver to defense counsel.

The government respectfully requests that the Court order that the redacted ROS Waiver will not be copied or disseminated to anyone other than the defendant, Defense

---

attempted to explain that, under Mexican law, the defendant needed to sign the acknowledgment of receipt form in order to receive the underlying document. Defense counsel attempted to prevent the Mexican Consulate official from speaking with the defendant in Spanish and insisted the defendant would sign nothing. When defense counsel described the Court's instructions for providing the ROS Waiver, the Mexican Consulate official respectfully reiterated the need to provide the defendant the ROS Waiver in accordance with Mexican law. The defendant ultimately refused to sign the document and, per the Mexican Consulate, this satisfied the Mexican Consulate's service to the defendant.

[3] The Second Circuit has made clear that a defendant has no standing to challenge an extradition based on a purported violation of the rule of specialty, and that "any individual right that [a defendant] may have under the terms of his extradition is 'only derivative through the state.'" See United States v. Suarez, 791 F.3d 363, 367-68 (2d Cir. 2015), cert. denied, 136 S. Ct. 800 (2016) (citation omitted); see id. ("As a matter of international law, the principle of specialty has been viewed as a privilege of the asylum state, designed to protect its dignity and interests, rather than a right accruing to the accused. . . . These concerns apply equally whether a criminal defendant objects based on the rule of specialty or based on the interpretation of an extradition treaty or Diplomatic Note.") (internal citations omitted); United States v. Garavito-Garcia, 827 F.3d 242, 247 (2d Cir. 2016) (holding that the defendant "lacks standing to invoke the extradition treaty as a basis for dismissal of the indictment" and stating that "our courts cannot second-guess another country's grant of extradition to the United States") (citations omitted).

Counsel or Defense Counsel's Team (as defined in the government's proposed protective order, see Gov't Proposed Protective Order, Dkt. Entry No. 28 (Ex. A)), and must remain in the custody of the Defense Counsel at all times, pending the Court's decision on the government's motion for a protective order.

In addition, at the February 3, 2017 status conference, with respect to the defendant's request for the Southern District of California and Western District of Texas extradition packages in connection with the defendant's extradition to United States (the "Extradition Packages"), the Court stated that: "The line is going to be this. If the papers are publicly available, produce them. If you can go to Mexico and go into a court and copy them out of a court file, produce them. If they are not, if they are sealed, then they need not be produced." Tr. of Feb. 3, 2017 Status Conf. at 21:19-23 (Cogan, J.). The government has confirmed with the Department of Justice's Judicial Attaché at the United States Embassy in Mexico City that the Extradition Packages are confidential and not publicly available. Therefore, they cannot be accessed in the Mexican courts. As a result, the government will not be producing the Extradition Packages, which are not discoverable under Federal Rule of Criminal Procedure 16(a)(2) and contain witness statements not subject to disclosure at this time under § 3500.[4]

Respectfully submitted,

ROBERT L. CAPERS
UNITED STATES ATTORNEY
Eastern District of New York

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

WIFREDO A. FERRER
UNITED STATES ATTORNEY
Southern District of Florida

cc. Michelle Gelernt, Esq.
Michael Schneider, Esq.

[4] The government has informed defense counsel that the Extradition Packages are not publicly available.