Federal Defenders
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

April 21, 2017

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: United States v. Joaquin Archivaldo Guzman Loera, 09 CR 466 (BMC)**

Your Honor:

We write in response to the Court's order, dated April 4, 2017, directing the parties to file any additional requests for relief which will be sought at the status conference scheduled for May 5, 2017. In addition to the outstanding issues before the Court, we anticipate seeking relief from the Court on three additional matters: 1) setting a briefing schedule for the defense motion to dismiss the Indictment as Mr. Guzman's prosecution in this District violates the Rule of Specialty; 2) permitting contact visits between Mr. Guzman and his counsel for the purpose of reviewing discovery; and 3) providing Mr. Guzman with a copy of the discovery that he may maintain and access on his own without the presence of counsel. Regarding the final point, we believe we are likely to resolve this matter in cooperation with the government in advance of the May 5, 2017 Status Conference.

**1. Briefing Schedule**

As discussed at the initial status conference on February 3, 2017, the defense intends to file a motion to dismiss the Indictment arguing that Mr. Guzman's prosecution in this district violates the Rule of Specialty under the extradition treaty between the United States and Mexico. Pursuant to the Court's Order of February 11, 2017, we received a Spanish language redacted copy of the purported waiver of the Rule of Specialty. Subsequently, we received a draft transcript of the purported waiver in English. Nonetheless, there is still outstanding discovery related to Mr. Guzman's extradition which makes it difficult to gauge the time needed to file the defense motion. As of the date of this letter, other than the redacted waiver, the defense has not received the request for extradition made by the United States to the government of Mexico, nor any of the related documentation first requested by the defense on January 26, 2017, renewed by the defense on January 31, 2017 and April 21, 2017. (*See* Dkt. No. 21, Dk.t No. 25 and Dkt No. 63).[1] At the May 5

[1] The defense filed an additional discovery request today renewing its demand for the Extradition Request and specifically for the documents referred to in the waiver. (Dkt. No. 63) However, the

Status conference, we intend to seek disclosure of the outstanding discovery relating to Mr. Guzman's extradition, and request a briefing schedule for the defense motion to dismiss the Indictment.

**2. Contact Visits Between Mr. Guzman And The Defense Team**

The defense has encountered a problem with our ability to effectively review discovery with Mr. Guzman. The way the counsel booths at 10 South are presently set up, we are either in a counsel booth with a computer on Mr. Guzman's side of the booth, making it difficult for us to see and hear through the screen which separates us from our client, or in a booth with the computer on our side of a room with a metal door that makes it difficult for Mr. Guzman to see and hear the discovery we are reviewing on the computer. Whenever we are required to use this second booth for a visit, both counsel and Mr. Guzman must stand through the entire visit in order to see each other because the booth's window is too high.

The SAMs do not bar Mr. Guzman from having contact visits with his attorneys. (SAMs §2.C). It is not possible to meaningfully review hours and hours of discovery under the present arrangement. Contact visits can be securely held using the booth with the computer on the attorney side of the visit rooms--with Mr. Guzman sitting with us (we are locked in the room in any case.) We have attempted to arrange this type of visit with Adam Johnson, supervising attorney at the MCC. Mr. Johnson informed us via email that, "10 South is set up in such a way that contact visits are not an option." The government has indicated it is reviewing this matter.

Physically, 10 South is certainly set up to allow contact visits with access to a computer based on our observations of the second counsel booth. We have no concerns about our physical safety in a room with Mr. Guzman and none of the government's filings indicate that he poses a personal danger to anyone at the jail. There appears to be no legitimate reason to deny contact visits, especially in light of the volume of material we will have to review with Mr. Guzman, and to do so violates Mr. Guzman's Sixth Amendment right to assist in his own defense. Additionally, contact visits with clients on 10 South have been permitted in the past. *See United States v. Savage*, 2010 WL 4236867, at 2 (E.D. Pa. Oct. 21, 2010).

The defense will notify the Court immediately if we are able to reach a resolution with the government and the MCC regarding contact visits without the necessity of Court intervention.

**3. Mr. Guzman's Ability To Retain And Access Discovery At The MCC**

In accordance with the Protective Order, Mr. Guzman is entitled to retain a copy of the discovery to review on his own, without another member of the defense team. Currently, the MCC has not been able to facilitate Mr. Guzman's access to the discovery material. The government has assured us that it working with its IT staff to obtain the appropriate computer for Mr. Guzman to review the material, and with the staff at the MCC to determine how Mr. Guzman will be able to access and retain the discs and computer. Further, the government has relayed that, in the interim, it

---

defense submits that this documents should have been disclosed pursuant to the defense's more general requests dated January 26, 2017 and January 31, 2017. *See* Dkt. No 21 and Dkt. No. 25.

is working on obtaining a laptop for Mr. Guzman to use to review his discovery and are coordinating with the BOP to provide that to him. The government anticipates that this will be accomplished by the week of April 24, 2017. The defense will notify the Court immediately if this issue is resolved.

**CONCLUSION**

We thank the Court in advance for its attention to these matters.

Respectfully submitted,

/s/

Michelle Gelernt, Esq.
Michael K. Schneider, Esq.
Edward S. Zas, Esq.

cc: Clerk of the Court [by ECF]
AUSA Patricia Notopoulos, Esq.
AUSA Andrea Goldbarg, Esq.
AUSA Michael Robotti, Esq.
AUSA Hiral Mehta, Esq.
Mr. Joaquin Guzman