**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP:AG:MPR
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 24, 2017

By Email

Michelle A. Gelernt, Esq.
Michael Schneider, Esq.
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

Re: United States v. Joaquin Archivaldo Guzman Loera
Criminal Docket No. 09-466 (S-4) (BMC)

Dear Ms. Gelernt and Mr. Schneider:

Per the Court's suggestion during the May 10, 2017 telephone conference, see Dkt. No. 75; May 10, 2017 Hr'g Tr. 11:20-12:1, the government writes to reach a mutually agreeable resolution to the issues the defendant Joaquin Archivaldo Guzman Loera (the "defendant") has raised regarding his ability to review discovery with you at the Metropolitan Correctional Center ("MCC"). To that end, as set forth below, the government, in consultation with the Bureau of Prisons ("BOP"), lays out the modifications already instituted since the defendant's extradition to the United States and also proposes several minor modifications to the MCC's electronic discovery review system available for use by you and the defendant. In the government's view, the modified electronic discovery review system, along with other accommodations already made for the defendant, are more than adequate to protect the defendant's Sixth Amendment rights. In light of the countervailing security concerns, the restrictions imposed on the defendant are reasonable and will not unduly burden the preparation of his defense.

Please let the government know by May 26, 2017 if the proposed modifications to the electronic discovery review system are sufficient to alleviate the defendant's concerns. If not, the government will proceed with filing its brief on this issue on June 2, 2017.

I. Background

At the status conference on May 5, 2017, Ms. Gelernt argued that the current restrictions imposed by the MCC on the defendant during visits with his attorneys prevented

him from adequately preparing his defense. See May 5, 2017 Hr'g Tr. 22:24-26-9. In particular, Ms. Gelernt stated that it was difficult for the defendant to hear recordings in his cell during the visits. See id. at 23:8-17. Additionally, Ms. Gelernt asserted:

> If we're showing [the defendant] documents, we have to hold them one up [at] a time while he's reading them, instead of spread documents out on the table and look at them. It's also very difficult for us, because often the lawyers will be reading English versions of the same document trying to match up what it is that Mr. Guzman may be looking at, and it's just really not feasible. I don't think under any other circumstances we can imagine that this is how we would prepare for a case of this magnitude, sort of the government at some point indicated that there's going to be 10,000 documents. Are we supposed to sit there and hold up 10,000 pages for hours at a time?

Id. at 25:17-26:3. Based on these claimed burdens, Ms. Gelernt indicated that the defendant's inability to review discovery with defense counsel rose to the level of a Sixth Amendment violation. See id. at 24:9-15.

Based on the government's review of the MCC's electronic discovery review system, Ms. Gelernt's statement about holding up every piece of paper individually so that the defendant can review it with you appears to be inaccurate. As you are aware, there are multiple alternative options available for reviewing discovery with the defendant. Indeed, prior to the status conference on May 5, 2017, during a telephone conference, the government specifically discussed the available discovery review options with Ms. Gelernt.[1] Thus, the basis for Ms. Gelernt's claim to the Court during the May 5 status conference is entirely unclear.

Specifically, as it currently stands, you and the defendant are placed in a divided attorney visiting room ("attorney visiting room") to review discovery. The attorney side of the attorney visiting room has an electronic discovery review system—consisting of a wall-mounted 32-inch monitor connected to a computer located on a cart with wheels next to

[1] During the teleconference regarding the government providing the defendant with a laptop to review the discovery, Ms. Gelernt indicated that the defendant was not able to use the electronic discovery review system (discussed below) because the defendant had not been provided a personal identification number ("PIN"). AUSA Goldbarg indicated that the laptop the government was going to provide to the defendant may alleviate the concerns, but, if not, and the defendant was still not able to access the computer and monitor, the government would work with the MCC to ensure that the defendant did have access to the discovery review system. AUSA Goldbarg asked Ms. Gelernt to please inform the government if there were any concerns or problems. Ms. Gelernt did not reach out to the government, and instead raised these complaints before the court at the May 5, 2017 status conference.

the monitor—as well as a table and chairs for the attorneys.[2] The defendant is in an individual cell, and he is able to see through a clear Plexiglas divider and able to speak and hear through a metal screen. You may insert a discovery disc into the computer and display the discovery documents on the monitor. That monitor is mounted on the wall in front of the defendant's cell, just a few feet from him. While the defendant is seated in his cell, and you are seated at the table just outside his cell, both you and the defendant may easily use that screen to simultaneously view a document or documents. As discussed below, the government is recommending a modification that also will allow the defendant to further improve listening to audio recordings on the electronic discovery review system.

Moreover, the defendant is also able to bring a laptop computer into his cell with him, along with the discovery discs. On that laptop, the defendant may view electronic documents and listen to audio files. As the MCC has informed you, you also are able to provide the defendant with a four-inch stack of paper at the outset of each meeting through a slot in the defendant's cell in the attorney visiting room. Thus, insofar as you desire to show the defendant particular documents during a meeting, you may pre-select those documents, print them out and provide them to the defendant. Further, as each piece of discovery is Bates-stamped by the government prior to production, in order to review a particular document with the defendant, you need only tell the defendant the relevant Bates number. The defendant then has the option of pulling that document up electronically on his laptop or selecting it from the stack of hard copy documents that you provided to him at the outset of the meeting. You also have the ability to highlight any portions of the paper documents that are provided to the defendant at the outset of the meeting to further facilitate the review.

Accordingly, there are multiple options currently available at the jail for reviewing discovery with the defendant that do not involve holding documents up individually to the Plexiglas one at a time.

II. Discussion

In an effort to address your concerns without the need for further litigation, since the May 10, 2017 telephone conference, the government has visited the MCC to review the electronic discovery review system and conferred with BOP officials about possible changes. The government has recommended that the BOP make the following changes, which the BOP has indicated are feasible:

- Adding speakers to the electronic discovery review system, so that you and the defendant may simultaneously review audio files using that system.

[2] There is also a second screen located in the divided room, which can be used for video teleconferences. That screen is not currently configured for discovery review.

- Dismounting the 32-inch monitor from the wall and placing it on a cart with wheels, so that you may bring the screen even closer to the defendant's cell.

- Adjust the cart to allow you to raise the 32-inch monitor screen to the defendant's eye-level, to ensure it is easily viewable for him.[3]

Considering the defendant's lengthy history of violence and his decades as the leader of one of the world's largest criminal organizations, the restrictions on contact visits between the defendant and defense counsel are reasonable and do not violate his Sixth Amendment rights. See United States v. Hausa, No. 12 CR. 0134 (BMC), 2017 WL 1372660, at *6 (E.D.N.Y. Jan. 12, 2017) ("[N]ot every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel."). There are multiple options available to the defendant for reviewing discovery at the MCC with you, including the MCC's electronic discovery review system. You are not bound to review discovery by holding up one document at a time to the defendant through a clear Plexiglas window.

[3] The government and the BOP are also considering whether it is possible to build a foldout desk for the defendant's individual cell so that he can place his laptop there when reviewing discovery. The BOP is still determining whether this modification is feasible and consistent with security concerns.

In light of the foregoing, the government requests that you notify the government by May 26, 2017, whether the accommodations described herein sufficiently address the issues raised by the defendant.

Very truly yours,

BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:
BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY
Southern District of Florida

cc: Clerk of Court (BMC) (RLM) (via ECF)