**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP:AG
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 2, 2017

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Joaquin Archivaldo Guzman Loera
Criminal Docket No. 09-466 (BMC) (S-4)

Dear Judge Cogan:

The government respectfully submits this letter in reply to the defendant Joaquin Archivaldo Guzman Loera's (the "defendant") May 29, 2017 letter ("Def. Br."). See Dkt. No. 87. For the reasons set forth below, the Court should exercise its discretion and grant the government's request for clarification.

In his opposition, the defendant argues that, while cloaked as a request for clarification, the government is asking the Court to reconsider its prior rulings. See Def. Br. at 2. The defendant further asserts that, with respect to the Court's May 4, 2017 and May 8, 2017 orders denying in part and granting in part the defendant's motion to vacate, or in the alternative, modify the Special Administrative Measures ("SAMs"), the government cannot meet the standard for reconsideration. See Dkt. Nos. 71 & 74 ("May 4 Order" and "May 8 Order," respectively). While correctly stating the legal standard for a motion for reconsideration, the defendant's analysis is misguided. The government did not request the Court to reconsider its prior ruling; but simply to clarify the holding in the May 4 Order in light of the May 8 Order.

Clarification of previous orders is within the sound discretion of the court. See A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 126 F. Supp. 2d 328, 334 (S.D.N.Y. 2001) (citing Regal Knitwear Co. v. NLRB, 324 U.S. 9, 15 (1945)). The Supreme Court has encouraged clarification of court orders in order to "facilitate compliance with the orders and to prevent 'unwitting contempt' by the parties." Id. (quoting Regal Knitwear Co., 324 U.S. at 15). The Second Circuit has explained that a court may clarify its previous order upon a motion

by a party or sua sponte. See N.A. Sales Co. v. Chapman Indus. Corp., 736 F.2d 854, 858 (2d Cir.1984). In fact, clarification of a prior order is appropriate to "add certainty to an implicated party's efforts to comply with the order and provide fair warning as to what future conduct may be found contemptuous." Id. Courts often grant a request for clarification to avoid uncertainty in interpreting the Court's order. See, e.g., United States v. Samet, 11 F. Appx. 21, 22 (2d Cir. 2001) (summary order) (remanding case so that district court could clarify bases for its decision); United States v. Bond, No. 11 CIV. 5608 BMC, 2013 WL 5901951, at *3 (E.D.N.Y. Oct. 31, 2013) (granting motion for clarification or indicative ruling); United States v. Gerena, 667 F. Supp. 911, 912 (D. Conn. 1987) (granting request for clarification regarding determination of categorization of certain claims); see also United States v. Morales, No. 15-20020-09/10, 2016 WL 4069655, at *3-4 (D. Kan. July 29, 2016) (granting motion for clarification regarding requested discovery).

As set forth in the original letter request, the government is seeking clarification of the May 4 Order in light of the May 8 Order, and highlighted the specific reasons for this requested clarification. See Dkt. No. 77 at 3-4. The government's reason for requesting clarification is to ensure that the prosecution team and firewall counsel are in full compliance with both orders. Given the Court's discretion, this request is entirely appropriate.

Additionally, the government is compelled to respond to the defendant's accusation that the government has not been candid with the Court. Def. Br. at 4. In the Court's March 21, 2017 Order granting the government's request for a protective order, the Court set forth the firewall counsel requirement. See Dkt. No. 51 at 5. The Court provided some guidance regarding the selection of potential prosecutors sufficiently knowledgeable of the case to serve effectively as firewall counsel. Specifically, the Court highlighted prosecutors from other districts and suggested as an "alternative[]" to select the firewall counsel from "in-house." Id. The Court further ordered the government to provide the names of the firewall counsel within a specific period. Id. At no point did the Court order the government to explain why it selected the specific individuals, or elaborate on how these persons were qualified to act in this capacity. Had the Court so ordered, the government would have complied. The government simply followed the existing order and provided the names to the Court in a timely fashion. The defendant has distorted the clear facts to argue that that government has not been candid with the Court because it did not provide information that was never requested.[1]

---

[1] The defendant also claims that the government has a "history of infringing on" and an "utter disregard for" the defendant's right to counsel. Def. Br. at 4-5. The defendant's contention is baseless. In this case, the government has sought to strike the appropriate balance between the significant safety concerns presented by the defendant and the defendant's right to counsel. Those safety concerns justify certain restrictions on the defendant beyond those faced by other pretrial detainees. Notwithstanding those restrictions, both the government and the Bureau of Prisons ("BOP") have worked to ensure that the defendant's constitutional right to counsel is protected. While the defendant may disagree that the government and BOP have struck the appropriate balance, his assertion that the government is "infringing on" and "disregard[ing]" that right is unfounded. Insofar as the defendant relies upon the fact that BOP

In any event, the previous experience of the attorneys designated as firewall counsel, on which the defendant relies in his brief, see Def. Br. at 4-5, does not change the government's position regarding firewall counsel. In the May 4 Order, the Court stated that firewall counsel "may not be as good from a prosecution perspective as the prosecution team itself, but they are good enough considering the countervailing interest." May 4 Order at 16. But, as the defendant concedes, "who is visiting him" and "the substance of his communications" are not "legally privileged." Id. at 2. Thus, there is no countervailing interest here that would justify designating firewall counsel to vet non-legal visitors, as well as private attorneys and paralegals seeking retention, and to screen the defendant's communications with his family. Designating firewall counsel in these circumstances simply affords special protection to the defendant not afforded to other pretrial detainees. See Dkt. No. 77 at 4-5. Accordingly, consistent with the reasoning of the Court's May 8 Order, see Dkt. No. 74 at 1-2, firewall counsel is not warranted here.

Moreover, in light of the significant security concerns in this case, the government submits that the prosecution team should conduct the vetting at issue, rather than firewall counsel, because it is best positioned to do so. While the attorneys designated as firewall counsel have familiarity with the relevant subject matter, they are not as familiar with the voluminous documentary evidence associated with this particular case, which must be reviewed to adequately vet the defendant's visitors and communications. Indeed, an attorney who is not a member of the current prosecution team—whether it be an attorney previously, but no longer, assigned to the case; an attorney who worked on a related case from another district; or an attorney removed from the current prosecution team—will not work with the extensive documentary evidence on a daily basis and will not be familiar with additional evidence relevant to the vetting process developed during trial preparation.[2] Thus, given that

---

staff provided the government with information regarding their visual observations of the defendant and defense counsel in support of his claim, the government notes that such observations are not privileged. See e.g. La Suisse, Societe d'Assurances Sur La Vie v. Kraus, 62 F. Supp. 3d 358, 363 (S.D.N.Y. 2014). Thus, the government acted in good faith in relying on those observations in court filings. In any event, once the Court directed the government to cease communications with BOP staff regarding those observations, it did so.

[2] For the reasons set forth above, the government believes that a current member of the prosecution team is better positioned to conduct the vetting at issue than any non-member of the prosecution team. Thus, the prior experience of the prosecutors designated as firewall counsel is not relevant here. Nonetheless, the government will correct the record with respect to the defendant's claims in this regard. As the defendant claims, see Def. Br. 3-4, it is true that one prosecutor designated as firewall counsel was an original member of this investigation while at E.D.N.Y. It is also true that the prosecutor was promoted to chief of the narcotics section in 2011. See id. at 4 n.6. However, that attorney left the section in 2013 and has not been involved in this case since 2013. In the past four years, the government has superseded this indictment four times, and this prosecutor was not involved in any of those events. Nor has that prosecutor been involved in gathering and reviewing the voluminous discovery from multiple different agencies and jurisdictions in preparation for trial in this matter.

there is no countervailing interest justifying firewall counsel here, the government submits that the prosecution team should conduct the vetting of the witnesses and communications at issue.

For the foregoing reasons, the government respectfully requests the Court to exercise its discretion to grant this request for clarification on the use of firewall counsel to (1) vet non-legal visitors; (2) screen written communications to the defendant's family, including Ms. Coronel; and (3) vet attorneys/paralegals seeking retention.

Respectfully submitted,

BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

BENJAMIN GREENBERG
ACTING UNITED STATES ATTORNEY
Southern District of Florida

cc: Michelle Gelernt, Esq. (counsel to defendant)
Michael Schneider, Esq. (counsel to defendant)
Edward Zas, Esq. (counsel to defendant)

---

Additionally, as the defendant states, see id. at 4, the two other prosecutors designated as firewall counsel were part of another prosecution of another Mexican drug trafficker. The defendant incorrectly assumes, however, that they were part of this investigation or prosecution, when in fact they were not. The defendant's citation to media reports speculating about overlapping witnesses in that case and this case, see id. at 4 n.7, is entirely irrelevant.