**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP:MPR/AG
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 3, 2017

By ECF

A. Eduardo Balarezo, Esq.
400 Seventh Avenue NW
Suite 306
Washington, DC 20004

Re: United States v. Joaquin Archivaldo Guzman Loera
Criminal Docket No. 09-466 (BMC) (S-4)

Dear Mr. Balarezo:

This responds to your letter dated September 27, 2017 regarding your request for compliance with the Special Administrative Measures ("SAMs") under which the defendant is currently held by the Bureau of Prisons ("BOP"). We have conferred with BOP staff and, in response to your requests, we advise you of the following:

1. Attorney-Client Telephone Calls

Attorney-client privileged telephone calls are permitted under the SAMs and the BOP will provide the defendant with a reasonable number of legal calls as requested by you and/or the defendant. BOP policy on pretrial inmates provides that "staff shall allow the pretrial inmate, upon the inmate's request, to telephone the inmate's attorney as often as resources of the institution allow." BOP Program Statement 7331.04, Pretrial Inmates, Section 24(c). Because legal calls are staff intensive, the BOP typically does not permit legal calls when an inmate's attorney is able to meet with him in person. Thus, the availability and frequency of legal calls are contingent upon the frequency with which you are able to conduct in-person meetings with the defendant.

If you are unable to meet with the defendant in-person on a regular basis, the BOP will work with you to arrange a schedule for legal calls that will fairly balance the BOP's resources with legal calls necessary for the defendant to assist in preparing his defense. Please note that, pursuant to the SAMs, Section 2(g)(i), any legal call must be made to the defendant's attorneys or with the defense attorneys' presence on the line. The SAMs do not permit the defendant to make legal calls solely to paralegals without the presence of defense counsel.

2. Documents Provided to Defendant by Attorney

Per BOP policy and the SAMs, if you provide a copy of the documents that you would like to give the defendant to one of the lieutenants at the outset of your legal visit, there should be no problem with providing those documents to the defendant. The BOP will look into your allegation of delay due to the fact that the documents you have endeavored to provide to the defendant are in Spanish.

In any event, to clarify, even absent the SAMs in place in this matter, BOP and Metropolitan Correctional Center ("MCC") policy restrict the exchange of written materials with inmates. Per BOP Program Statement 1315.07:

> Procedures for the exchange of legal documents in the visiting room should be placed either in an Institution Supplement on Legal Activities or in the required Institution Supplement on Visiting.

The MCC Institutional Supplement, which the BOP policy defers to, provides a set of standards for the exchange of legal documents in section 5267.06 of their Institutional Supplement:

> An attorney (not a paralegal, investigator, mitigation specialist or interpreter) will be authorized to provide a reasonable (not to exceed four inches) amount of legal materials to the inmate at the conclusion of the attorney visit. The inmate will be allowed to take these legal materials with him/her to his/her unit after the Officer determines the items are of a legal nature and he/she inspects them for contraband.

Accordingly, even absent the imposition of SAMs, the exchange of written materials from the defendant to any member of the defense is not authorized. Rather, only defense counsel, not including any other members of the defense team, may provide legal materials to the defendant for the defendant's review without prior permission from BOP staff.

3. Legal Mail

The defendant's legal mail has not been reviewed by the government or MCC. As BOP staff previously explained to you, the defendant's legal mail was delayed due to a staff error; it was resolved. If you encounter any issues in the future, you may directly contact BOP staff so they can look into the matter for you.

The SAMs and BOP policy do not permit self-addressed stamped envelopes to be sent to and/or used by the defendant. If you prefer to avoid using the U.S. Postal Service, you or your paralegals can deliver mail to the defendant by dropping the mail into the legal mailbox located inside the lobby of the MCC.

4. Non-Privileged Telephone Calls

The SAMs permit the defendant to have live-monitored telephone calls with his approved immediate family members. In order to facilitate such calls, however, the defendant must provide the BOP with immediate family members' names and telephone numbers. He has not done that. Once the defendant provides the numbers to BOP staff, agents from DEA, FBI and/or HSI will review the numbers and will determine whether the contact is appropriate under the SAMs. Once this process is completed, the defendant can call his immediate family members. Pursuant to BOP policy, inmates in SHU may have one 30-minute telephone call per month. See BOP Program Statement 5270.11, Section 12(j). Alternatively, the warden of MCC will also consider providing two 15-minute back-to-back telephone calls with two different family members, one time per month.

5. Non-Legal Mail

Non-legal mail sent by the defendant's family is presently under review and will be provided to the defendant once the review is complete. As you should note, SAMs Section 3(g)(iv) permits an analysis period up to 60 business days for "any mail that includes writing in any language other than English, to allow for translation." The BOP will endeavor to deliver any non-legal mail to the defendant as soon as the analysis pursuant to the SAMs is complete.

When the defendant wants to send a letter to an immediate family member, he must address the envelope directly to the recipient. The SAMs and BOP policy do not permit self-addressed stamped envelopes to be sent to the defendant, nor do either the SAMs or BOP policy allow the defendant to mail non-legal mail to you for later delivery to his family members.

6. Religious Visitation

The defendant is permitted to have a Bible that is delivered to him from an outside vendor. See SAMs Section 9. As for visits from a clergy person, BOP staff will arrange to have a BOP staff chaplain of the defendant's faith visit him consistent with SAMs Section 5(b).

7. Access to Books

The defendant is permitted to obtain books and magazines from an outside vendor pursuant to SAMs Section 9. To date, the BOP has not received any complaints about the defendant being unable to obtain such items.

The government notes that this is the first time that you have raised the concerns detailed in your letter with either the BOP or the government. Without notification of these concerns, it makes it impossible for anyone from the government to rectify these issues as they arise. Moreover, as you surely know, there is an administrative process in place to address your concerns about the defendant's conditions. Notably, the defendant has not filed a single administrative complaint since May 2017. In any event, if you notify the BOP or the government about issues as they arise, we will endeavor to address them as soon as possible in a manner consistent with BOP policy and the SAMs.

Very truly yours,

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

BENJAMIN GREENBERG
Acting United States Attorney
Southern District of Florida

cc: Clerk of the Court (BMC) (by ECF)