BALAREZO LAW
CRIMINAL DEFENSE

October 3, 2017

Andrea Goldbarg, Esq. *et al.*
Assistant United States Attorneys
United States Attorney's Office for the
Eastern District New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Joaquín Guzmán Loera*
Case No. 09-CR-0466(S-4)(BMC)

Dear Counsel:

I write in response to your letter of earlier today, wherein you respond to my letter of September 27, 2017 concerning compliance with the Special Administrative Measures (SAMs) imposed on Mr. Guzmán.

1. Legally Privileged Calls

Your letter concedes that Mr. Guzmán is permitted to make legal calls under the SAMs. You also note that if I am "unable to meet with the defendant in-person on a regular basis, the BOP will work" with me to arrange a schedule of legal calls. As you know, my office is in Washington, DC and I currently visit Mr. Guzmán approximately once per week. I am advising you that I request weekly calls with my client and will also inform the BOP of my request. Any legal calls placed by Mr. Guzmán will be made to me only. Additionally, I request your and the BOP's assurance that these legal calls will not be monitored in any manner so as to breach the attorney-client privilege.

2. Documents Provided to Inmate by Attorney

Your letter also concedes that only counsel can provide Mr. Guzmán with legal material for his review without prior permission from BOP staff. The problem here is that defense paralegals will be visiting Mr. Guzman on the days when I cannot. The paralegals will also be reviewing discovery (produced by the government) and privileged defense investigative material with him. I request that the paralegals be allowed to review discovery and privileged defense related material with Mr. Guzmán during their visits. The paralegals will retrieve the documents reviewed and take the documents with them at the end of their visits. They will not leave any documents with Mr. Guzman.

400 Seventh Street NW Ste 306 Washington, DC 20004
A. Eduardo Balarezo, Esq. TEL 202.639.0999 EMAIL AEB@BALAREZOLAW.COM
Admitted in DC, NY & MD FAX 202.639.0899 WEB WWW.BALAREZOLAW.COM

3. Legal Mail

I have sent various items of legal mail to Mr. Guzmán in the past week. I trust that they will be delivered to him without delay.

4. Non-Legally Privileged Telephone Calls

Your letter also concedes that Mr. Guzmán is entitled to one 30-minute telephone call per month or possibly two 15-minute calls per month with the MCC Warden's approval.

At your request, Mr. Guzmán has been held effectively incommunicado from his family since his arrival in the United States. Also at your request, he has been denied visits with his wife. His sister has been allowed a short visit. Unfortunately, the government voided her visa shortly thereafter and she can no longer enter the United States. Mr. Guzmán does not have other adult family members who can visit him.

As I understand it, the government is housing Mr. Guzmán in the SHU for administrative and not punitive reasons. Therefore, I am requesting that he have 60 minutes of non-legal calls per month. I think you will agree that 60 minutes per month is relative insignificant considering he is held completely incommunicado from his family (except for one brief visit) and that his defense team is his only source of contact with the outside world. I also request that the calls be scheduled in advance so that his family will be available for the calls.

5. Non-Legal Mail

While I recognize the need to review non-legal mail, the 60-day review period "to allow for translation" is simply ludicrous. Any mail he gets from his family will be in Spanish, a fairly common language (especially in the New York metropolitan area). If the government cannot translate the letters sooner than 60 days, I offer to provide a Court-certified Spanish language interpreter to assist the government with this arduous task.

6. Religious Visitation

Your letter advises me that the BOP will arrange to have a "staff chaplain of the defendant's faith visit him consistent with" the SAMs. While this concession is appreciated, Mr. Guzmán request to commune with a religious person familiar to him and who speaks his own language, rather than a stranger. I can provide the name and contact information for such a religious person so that the government can vet his/her credentials.

I will order a bible for Mr. Guzmán to be delivered directly from an outside vendor.

7. Access to Books

I will arrange for books and magazine to be delivered directly to Mr. Guzmán from outside vendors.

You note that my earlier letter was "the first time that [I] have raised the concerns detailed in [my] letter with either the BOP or the government." As you are aware, I entered my appearance only recently. Please be assured that I will raise any concerns that may surface in the future. In the meantime, please advise me of your position with respect to the concerns noted above.

Thank you for your assistance.

Sincerely,

A. Eduardo Balarezo
*Counsel for Joaquín Guzmán Loera*

cc: Adam Johnson, Esq.
Supervisory Staff Attorney
Metropolitan Correctional Center