**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP:ANL/MPR
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 6, 2017

By Email and ECF

A. Eduardo Balarezo
400 Seventh Street, NW, Ste 306
Washington, DC 20004
aeb@balarezolaw.com

Re: United States v. Joaquin Archivaldo Guzman Loera
Criminal Docket No. 09-466 (S-4) (BMC)

Dear Counsel:

The government writes in response to your letters dated September 19, 2017 and October 17, 2017 requesting discovery in the above-captioned case. See Dkt. Nos. 141, 154. The government produced discovery to the defendant on March 8, 2017, April 10, 2017, May 5, 2017, June 7, 2017, July 21, 2017, September 19, 2017 and October 17, 2017. To date, it has produced more than 90,000 pages of documents, thousands of intercepted and recorded audio and electronic communications and dozens of videos. The government expects that the vast majority of its discovery production will be complete by mid-November 2017. Accordingly, the government has already produced documents responsive to many of your requests and will produce additional documents responsive to those requests shortly. Please see the responses to your specific requests for discovery below. The government also requests reciprocal discovery from the defendant.

I. Warrantless Wiretapping / Surveillance

You have requested that the government identify evidence against the defendant that "was derived from eavesdropping through warrantless wireless [sic] surveillance by any party, person, entity, agency, and/or office, whether foreign or domestic." Dkt. No. 141 at 1-2. Your request specifically includes any evidence obtained or derived from: (1) acquisition of foreign intelligence information conducted pursuant to the Foreign Intelligence Surveillance Act ("FISA"), (2) the National Security Agency's ("NSA") "Prism" program, (3) the Drug Enforcement Administration's ("DEA") Special Operations Division ("SOD") and/or the

practice of "parallel construction" and/or (4) warrantless collection of GPS location data or historical cell site/tower data.

The government addresses your specific requests below. Apart from those requests, based on its review of the evidence to date, the government is not aware of any intercepted or recorded electronic communications obtained without judicial authorization or the consent of a party to the communications, except that law enforcement officers obtained the electronic communications Bates-stamped 000044187-000053317 via a lawful warrantless search of a server located in a foreign country. As a result of this search, law enforcement officers obtained electronic communications of the defendant's co-conspirators; they did not obtain any of the defendant's electronic communications. The defendant thus does not have standing to move to suppress the electronic communications obtained pursuant to this lawful search. See United States v. Padilla, 508 U.S. 77, 81-82 (1993) (stating that "a defendant can urge the suppression of evidence . . . only if that defendant demonstrates that his Fourth Amendment rights were violated by the challenged search or seizure") (emphasis in original); United States v. Lustyik, 57 F. Supp. 3d 213, 223 (S.D.N.Y. 2014) ("A person has no expectation of privacy in another person's email account."). Subject to the restrictions set forth below, if the government identifies any additional intercepted or recorded electronic communications obtained without judicial authorization or the consent of a party to those communications, the government will advise you of that information.

A. FISA and NSA Prism Program

You have requested any evidence obtained or derived from the NSA Prism program or from acquisition of foreign intelligence information conducted pursuant to FISA. See Dkt. No. 141 at 1-2; Dkt. No. 154 at 1-2. When the government "intends to enter into evidence or otherwise use or disclose" any "information obtained or derived from" electronic surveillance or a physical search conducted pursuant to FISA against an aggrieved person[1] in a criminal case, it must provide notice to that individual. 50 U.S.C. §§ 1806(c); 1826(d); 1881(e). The government's notice obligations regarding its use of FISA information under §§ 1806, 1825, and 1881(e) apply only if the government (1) "intends to enter into evidence or otherwise use or disclose," (2) "against an aggrieved person," (3) in a "trial, hearing or other proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States," (4) any "information obtained or derived from," (5) an "electronic surveillance [or physical search] of the aggrieved person." 50 U.S.C. § 1806(c); see also 50 U.S.C. § 1825(d); 50 U.S.C. § 1881e(a) (providing that information acquired pursuant to Title VII of FISA, 50 U.S.C. § 1881a, "shall be deemed to be information acquired from an electronic surveillance pursuant to title I [50 U.S.C. §§ 1801-1810] for purposes of"

[1] An "aggrieved person" is the target of the electronic surveillance or "any other person whose communications or activities were subject to electronic surveillance." 50 U.S.C. § 1801(k). A person is also aggrieved if his or her "premises, property, information, or material is the target of the physical search" or "subject to physical search." 50 U.S.C. § 1821(2).

50 U.S.C. § 1806). Where all five criteria are met, the government will notify the defense and the Court (or other authority) in which the information is to be disclosed or used that the United States intends to use or disclose such information. The Government has not provided notice of use of FISA in this case.

B. DEA SOD and the Practice of Parallel Construction

You have requested any evidence obtained or derived from the DEA's SOD and/or the practice of "parallel construction." See Dkt. No. 141 at 2; Dkt. No. 154 at 1. The government is aware of its discovery obligations and will evaluate whether such information exists and is discoverable.

C. GPS Device/Historical Cell Site Data

You have requested that the government "identify and produce any evidence obtained through warrantless use of a GPS device or through the warrantless use of cell site/tower data." Dkt. No. 141 at 2; Dkt. No. 154 at 2. To the extent that law enforcement officers obtained evidence through searches of persons other than the defendant during the course of this investigation, the defendant lacks standing to challenge those searches. See Padilla, 508 U.S. at 81-82; United States v. Baltes, No. 8:11-21 CR-282 (MAD), 2013 WL 11319002, at *3 (N.D.N.Y. Apr. 22, 2013) (holding that passenger in vehicle had no standing to challenge placement of GPS device on vehicle, because he had no protected property interest in vehicle). Similarly, to the extent law enforcement officers conducted searches of the defendant outside the United States, the Fourth Amendment does not apply to such searches, and the defendant has no basis to seek suppression of evidence derived therefrom. See United States v. Verdugo-Urquidez, 494 U.S. 259, 274-75 (1990) ("At the time of the search, he was a citizen and resident of Mexico with no voluntary attachment to the United States, and the place searched was located in Mexico. Under these circumstances, the Fourth Amendment has no application."); United States v. Coke, No. 07 CR 971 RPP, 2011 WL 3738969, at *4 (S.D.N.Y. Aug. 22, 2011) ("[W]here a defendant is not a United States citizen, and has no substantial, voluntary attachment to the United States, and the search at issue occurs abroad, the Fourth Amendment has no application." (internal quotation marks omitted)). Thus, because the defendant cannot challenge the admissibility of any evidence derived from the sources you describe, to the extent such evidence exists, it is not discoverable under Rule 16.

II. Wiretap and/or Title III Intercepts and/or Foreign Intercepts

You have requested various documents related to domestic and foreign wiretaps in this case. See Dkt. Nos. 141 at 2, 154 at 2. The government will provide inventory notice to the defendant pursuant to 18 U.S.C. § 2518(8)(d) of all Title III wiretap orders in which he was named and/or pursuant to which he was intercepted. See 18 U.S.C. § 2510(11) (defining "aggrieved person" to be "a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed"). To the extent that the government intends to rely on intercepted communications obtained pursuant to any such wiretap order at trial, the government has produced or will produce documents discoverable

under Rule 16 related to that wiretap order. Specifically, the government has produced or will produce: (1) the application and affidavit in support the application for the wiretap order; (2) the order authorizing the interception; (3) the intercepted wire and/or electronic communications obtained pursuant to that wiretap order; (4) draft transcripts, translations and/or summaries of those wire and/or electronic communications, if available (pursuant to the parties' September 12, 2017 stipulation) and (5) the order sealing the intercepted communications at the conclusion of the authorized interception period. The remaining documents that you have requested with respect to Title III wiretaps, such as daily reports, ten-day reports and operating procedures, are not discoverable under Rule 16. See Fed. R. Crim. P. 16(a)(2); United States v. Pray, 734 F. Supp. 2d 158, 160 (D.D.C. 2010) (holding that periodic wiretap reports, as well as prosecutor's memos and notes regarding wiretap, are not discoverable under Rule 16).

With respect to the foreign wiretaps related to this case, the government has provided or will provide you with the following documents, to the extent that they are within the possession, custody or control of the government: (1) the intercepted wire and/or electronic communications obtained pursuant to that wiretap order and (2) draft transcripts, translations and/or summaries of those wire and/or electronic communications, if available (pursuant to the parties' September 12, 2017 stipulation).[2] The defendant lacks standing to seek to suppress the communications of other persons intercepted pursuant to foreign wiretap orders. Padilla, 508 U.S. 77 at 81-82; Lustyik, 57 F. Supp. 3d at 223. Additionally, the Fourth Amendment does not apply to the interception of the defendant's communications pursuant to foreign wiretap orders. See Verdugo-Urquidez, 494 U.S. at 274-75; see also United States v. Lee, 723 F.3d 134, 139, 142 (2d Cir. 2013) (stating that Title III does not apply outside United States and noting that neither government nor district court had duty to review legality, under foreign law, of applications for wiretap orders). Accordingly, the additional documents you have requested with respect to foreign wiretaps are not discoverable under Rule 16.

## III. *Brady*/*Giglio*/3500 Material

You have requested nineteen categories of documents that you identify as Brady material. See Dkt. No. 141 at 3-5.[3] The government has already represented that it is aware of, has complied with and will continue to comply with its obligations under Brady as soon as the character of such information is recognized. See May 26, 2017 Gov't Reply to Def. Motion to Compel, Dkt. No. 84 at 12; June 29, 2017 Mem. & Order, Dkt. No. 101 at 17. Such representations are sufficient to satisfy the government's Brady obligations. See United States v. Coppa, 267 F.3d F.3d 132, 145 (2d Cir. 2001) (noting that Brady and Giglio require

[2] Insofar as the government has already produced some foreign wiretap applications and orders in discovery, the government has provided those documents as a courtesy. The government is not obligated to produce such documents under Rule 16.

[3] In your letter, your listed requests end at number twenty, but there was no request number 8. See Dkt. No. 141 at 4-5.

production of exculpatory and impeachment material in sufficient time for defense to use it effectively); United States v. Dolney, No. 04-CR-159 (NGG), 2005 WL 1076269, at *8 (E.D.N.Y. May 3, 2005) (denying motion to compel the production of Brady and Giglio material); United States v. Martinez-Martinez, No. 01 Cr. 307, 2001 WL 1287040, at *5 (S.D.N.Y. Oct. 24, 2001) (same). Portions of the evidence that you request are "at most impeachment material" but are not "sufficient to meet the standard of prejudice for . . . Brady" material. United States v. Gioeli, No. 08 Cr. 0240(BMC), 2013 WL 5502953, at *10 (E.D.N.Y. Oct. 1, 2013). Additionally, you request immediate disclosure of 18 U.S.C. § 3500 material under the guise of your request for Brady material. You are not entitled to the disclosure of Giglio and § 3500 material at this time. See, e.g., United States v. Nixon, 418 U.S. 683, 701 (1974) ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial"); Coppa, 267 F.3d at 145 (granting writ of mandamus to vacate district court decision to order early disclosure of § 3500 material, which did not constitute material Brady/Giglio evidence). As discussed infra, see Section XVI., the government will produce most Giglio and § 3500 material on a rolling basis in advance of trial.

## IV. Evidence Seized / Search Warrants

You have requested evidence seized as a result of any law enforcement search conducted with or without a warrant, as well as any warrants associated with those searches. See Dkt. No. 141 at 6. The government has produced or will produce any evidence discoverable under Rule 16 that law enforcement officers seized as a result of a search conducted with or without a warrant. Additionally, the government has produced or will produce law enforcement reports detailing the date, time, location and items seized pursuant to any such search.[4] Insofar as the defendant may have standing to challenge any of these searches, the government will produce warrants associated with such searches under Rule 16.[5] See, e.g., United States v. Wilson, No. 15-CR-00142-EAW-MJR, 2017 WL 1456984, at *8 (W.D.N.Y. Apr. 25, 2017) (holding defendant had "no practical need for" sealed search warrants where he lacked standing to challenge search); United States v. Findley, No. 09-CR-267A SR, 2010 WL 4273919, at *3 (W.D.N.Y. Oct. 28, 2010) ("Absent standing to challenge the search warrant . . . , the defendant's request [for production of search warrant] is denied without prejudice."); United States v. Nunez, No. 89–CR–730, 1989 WL 161534, at *1 (S.D.N.Y. Dec. 22, 1989) (holding search warrant not material to preparation of defense where defendant had not shown privacy interest in premises searched). To that end, to the extent that the defendant claims a possessory interest or reasonable expectation of privacy in any of the

[4] Although these law enforcement reports fall within the scope of 18 U.S.C. § 3500, as a courtesy, the government has elected to disclose certain reports related to seized evidence earlier than it is required to do so under the law. By producing these reports early, however, the government does not concede that the defendant is entitled to further early production of materials pursuant to 18 U.S.C. § 3500.

[5] By producing the search warrant associated with a particular search, the government does not concede that the defendant has standing to challenge that search.

locations searched or evidence seized, please advise the government of the specific evidence and/or locations.

V. Tangible Objects

You have requested "the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects." Dkt. No. 141 at 7. As indicated in the government's April 10, 2017 letter producing discovery, see Dkt. No. 60 at 2, you may examine the physical evidence discoverable under Rule 16, including original documents, when available, by arranging a mutually convenient time with the government.

VI. Documents

You have requested that the government produce documents that it intends to use at trial as evidence in its case-in-chief and documents material to the defense. See Dkt. No. 141 at 8-9. The government is aware of, and has complied with, its obligations to produce such documents under Rule 16(a)(1)(E). Indeed, the government has produced documents responsive to this request in its discovery productions in this case to date, and it will continue to do so.

As part of this request, you seek audio/video/digital recordings, whether in the possession of the United States or any other government, related in any way to the investigation and/or prosecution of the defendant. See Dkt. No. 141 at 8. However, the requested documents in the possession of other governments are by their very definition not within the government's possession, custody or control under Rule 16(a)(1)(E)(i). The prosecution team in this matter does not include other governments. Therefore, the government is not obligated to turn over such documents under Rule 16(a)(1)(E)(i). See, e.g., United States v. Connolly, No. 1:16-CR-00370(CM), 2017 WL 945934, at *4 (S.D.N.Y. Mar. 2, 2017) ("Courts have typically required the prosecution to disclose under Rule 16 documents material to the defense that (1) it has actually reviewed, or (2) are in the possession, custody, or control of a government agency so closely aligned with the prosecution team so as to be considered part of the prosecution team.") (citation omitted)).

VII. Arrest Reports, Notes and Dispatch Tapes

You have requested that the government "produce all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding [the defendant's] arrest or questioning." Dkt. No. 141 at 8. Such reports, to the extent that they are in the possession, custody or control of the government, are § 3500 material, which is not discoverable at this time. See Fed. R. Crim. P. 16(a)(2); 18 U.S.C. § 3500.

Your request also includes "any rough notes records, report, transcripts or other documents" that contain the defendant's statements or Brady material. Dkt. No. 141 at 8. The government is aware of, and has complied with, its obligations to produce the defendant's statements pursuant to Rule 16(a)(1)(A)-(B). The government has produced and will continue

to produce the defendant's statements that are discoverable under Rule 16. Additionally, as discussed supra, see Section III., the government is aware of and will comply with its Brady obligations.

VIII. Defendant's Statements

You have requested "[a]ll written or recorded statements made by [the defendant], at any time and in any context, regardless of the government's intentions with respect to their use at trial." Dkt. No. 141 at 9. The government is aware of, and has complied with, its obligations to produce the defendant's statements pursuant to Rule 16(a)(1)(A)-(B). The government has produced and will continue to produce the defendant's statements that are discoverable under Rule 16.

IX. Criminal Record

As indicated in the government's April 10, 2017 letter producing discovery, see Dkt. No. 60 at 1, the government is not aware that the defendant has a criminal record in the United States. The government is aware that the defendant has a criminal history in Mexico; however, a copy of the defendant's prior criminal record from Mexico is not presently within the government's possession, custody or control.

X. Other Bad Acts, Wrongs or Acts

You have requested that the government "describe in full detail any allegations of uncharged conduct by [the defendant] that the government intends to introduce at trial." Dkt. No. 141 at 10. The government will provide "reasonable notice of the general nature of any such evidence that [it] intends to offer at trial." Fed. R. Evid. 404(b)(2).

You further request that the government advise you of "any allegations of misconduct that the government may seek to use for impeachment or other purposes at trial." Dkt. No. 141 at 10. If the defendant testifies at trial, the government will offer impeachment evidence in accordance with Federal Rules of Evidence 608 and 609.

XI. Grand Jury Issues

You have requested certain information related to the grand jury proceedings in this case. See Dkt. No. 141 at 10. Under Federal Rule of Criminal Procedure 6(e), you are not entitled to the materials requested. See Dkt. No. 101 (rejecting defendant's motion to compel grand jury materials under Rule 6(e)).

XII. Expert Testimony

You have requested that the government provide you with notice and certain other information regarding expert witnesses that it intends to call at trial. See Dkt. No. 141 at 10. The government is aware of, and will comply with, its obligations to provide expert notice under Rule 16(a)(1)(G) and Federal Rules of Evidence 702, 703 and 705. It will notify

you in a timely fashion of any expert that it intends to call at trial and provide you with a summary of the expert's opinion. In its April 14, 2017 and September 19, 2017 letters producing discovery, the government provided notice of certain experts that it intends to call and the substance of their expected testimony. See Dkt. No. 60 at 2; Dkt. No. 140 at 2-3. The government will provide the identity, qualifications and bases for the conclusions of each expert to you when they become available. As the government identifies additional experts, it will provide appropriate notice.

XIII. Reports of Scientific Tests or Examinations

You have requested that the government produce "reports of all tests and examinations conducted on the evidence in this case." Dkt. No. 141 at 11. The government is aware of, and has complied with, its obligation to produce reports of examinations and tests discoverable under Rule 16(a)(1)(F). The government has produced and will continue to produce reports of examinations and tests discoverable under Rule 16 to you.

XIV. Summary or Demonstrative Evidence

You have requested that the government "produce any chart, summary, or calculation" that it intends to introduce into evidence, as well as the documents upon which such charts, summaries and calculations are based. Dkt. No. 141 at 11. Pursuant to Federal Rule of Evidence 1006, the government will make these documents available to you at a reasonable time and place.

XV. Identifications

You have requested that the government "provide a description of any identification procedures . . . employed with regard to any potential government witness." Dkt. No 141 at 11. The government will provide documentation of witness identifications of the defendant; however, it will use pseudonyms to identify each witness until the government discloses § 3500 material for that witness. The government is aware of and will comply with its obligation to produce exculpatory material or information under Brady and will provide any information responsive to this request regarding identification procedures. See Neil v. Biggers, 409 U.S. 188, 197 (1972).

XVI. Witnesses

You have requested that the government provide you with "the names and last known addresses/locations of all witnesses that the government intends to call in its case in chief." Dkt. No. 141 at 11. You further request that the government advise you if a witness will testify under a pseudonym, as well as the nature of that witness's testimony and the basis for the testimony under a pseudonym. See id. The government will provide you with the identity of its law enforcement witnesses and § 3500 material for such witnesses two months in advance of trial. The government will provide you with the identity of most of its lay and cooperating witnesses one month in advance of trial. Due to safety concerns related to particular witnesses, the government may delay disclosure of the identities of and § 3500

material for certain witnesses. See United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997) (holding that government generally not required to disclose identity of confidential informants) United States v. Russotti, 747 F.2d 945, 950 (2d Cir. 1984) (stating that informant's identity need not be disclosed unless "essential to the defense"); United States v. Cannone, 528 F.2d 296, 302 (2d Cir. 1975) (defense must make particularized showing for government's witness list that outweighs countervailing safety concerns). Additionally, the government may make a motion to the Court in advance of trial requesting that certain witnesses testify under pseudonyms. The government does not intend to disclose the addresses/locations of its lay and cooperating witnesses in this case, because of the safety concerns related to such a disclosure. The government will provide the names and contact information for the attorneys for lay and cooperating witnesses at the time it discloses the identities of those witnesses.

You have further requested various Brady/Giglio information related to the government's witnesses. See Dkt. No. 141 at 12. As discussed supra, see Section III., the government is aware of and will comply with its Brady/Giglio obligations.

XVII. Co-Conspirators

You have requested the names and addresses of the defendant's alleged co-conspirators; a copy of each co-conspirator's mug shot; and certain statements made by co-conspirators. These requests are overly broad and largely fall outside the scope of Rule 16. See United States v. Ojeikere, 299 F. Supp. 2d 254, 261 (S.D.N.Y. 2004) ("[D]emands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied."). To the extent that these requests include information discoverable under Rule 16, the government will provide such information to you.

XVIII. Information Regarding Informants and Cooperating Witnesses

You have requested that the government provide you "all relevant information concerning any informants or cooperating witnesses involved in this case," including their identities and locations. Dkt. No. 141 at 13. The government has already addressed your request for the identity and location of the government's witnesses. See Section XVI. supra. To the extent this is a request for Brady/Giglio information, the government has already addressed this request as well. See Section III. supra.

XIX. Government Examination of Law Enforcement Personnel Files

You have requested that the government "examine the personnel files and any other files within its custody, care or control, or that could be obtained by the government, and that relate to all testifying officers and agents." Dkt. No. 141 at 13. As discussed supra, see Section III., the government is aware of and will comply with its Brady/Giglio obligations. In accordance with those obligations, the government will conduct a review of personnel files of all law enforcement officers who will testify at trial, to the extent such files are accessible to

the government. The government will produce the substance of any portions of law enforcement personnel files that contain Brady/Giglio material.

XX. Return of Personal Property

You have requested that the government arrange for the "return of all personal property, belongings and effects which were taken from [the defendant] at the time of his arrest or thereafter." Dkt. No. 141 at 13. The government is not in possession, custody or control of any property taken from the defendant at the time of his various arrests in Mexico. To the extent you are requesting return of personal property in his possession at the time of his extradition to the United States from Mexico, the defendant did not have any personal property.[6]

XXI. Lost or Destroyed Evidence

The government is currently working to identify the status of all physical evidence in this case. Insofar as particular evidence has been lost or destroyed, the government has already notified or will notify you of that fact.

XXII. Preservation of Evidence

The government is in receipt of your request to preserve evidence and will make every effort to comply with it.

XXIII. Cell-Site Simulator

You have requested that the government "produce any and all information that was obtained as the result of the use of a 'Triggerish,' 'cell-site simulator' or similar device." Dkt. No. 154 at 2. As discussed supra, see Section I.C., insofar as law enforcement officers obtained location data of persons other than the defendant during the course of this investigation, the defendant lacks standing to challenge such searches. See Padilla, 508 U.S. at 81-82; Baltes, 2013 WL 11319002 at *3. Likewise, to the extent law enforcement officers conducted searches outside the United States that yielded the defendant's location data, the Fourth Amendment does not apply to such searches, and the defendant has no basis to seek suppression of that location data or evidence derived therefrom. See Verdugo-Urquidez, 494 U.S. at 274-75; Coke, 2011 WL 3738969, at *4. Accordingly, to the extent it exists, the information you seek is not discoverable under Rule 16.

---

[6] The government returned the prison uniform that the defendant was wearing at the time of his extradition to Mexican authorities, per their request, immediately following the defendant's arrival in the United States.

XXIV. Already Produced Discovery

You have requested that the government provide you with certain information related to documents that the government has already produced in discovery. See Dkt. No. 154 at 3. Set forth below are the government's responses to those specific requests.

A. You have requested "the original recordings" of the documents Bates-stamped 00000012[0]-000000215, as well as the "dates of the conversations, the linesheets (if any), the identity of the parties involved and how the recordings were made." Id. The government produced the audio recordings that correspond to the draft summaries Bates-stamped 000000120-000000215 on April 10, 2017, in same production as the draft summaries. See Dkt. No. 60. The audio recordings are Bates-stamped 000000463. As indicated in the government's April 10, 2017 discovery letter, see id., the recordings are communications of the defendant and/or his associates. The government also has produced a spreadsheet Bates-stamped 000054046 containing the dates of the audio recordings. These communications were intercepted pursuant to foreign judicial orders authorizing the interception.[7]

B. You have requested "the original recordings" of the documents Bates-stamped 000002648-000003701, as well as the "dates of the conversations, the linesheets (if any), the identity of the parties involved and how the recordings were made." See Dkt. No. 154 at 3. The government produced the audio recordings that correspond to the draft summaries Bates-stamped 000002648-000003701 on May 5, 2017, in same production as the draft summaries. See Dkt. No. 72. The audio recordings are Bates-stamped 000003880. The recordings are communications of associates of the defendant. The government also has produced a spreadsheet Bates-stamped 000054046 containing the dates of the audio recordings. These communications were intercepted pursuant to foreign judicial orders authorizing the interception.

C. You have requested that the government produce color versions of the black and white images it produced on July 21, 2017. See Dkt. No. 154 at 3. On July 21, 2017, the government produced color versions of photographs that it had previously produced in black and white. See Dkt. No. 109 at 2-3. To the extent that you need additional copies of those color photographs, please contact us and provide the Bates-numbers of the particular photographs that you seek. You have also requested that the government identify the "dates and locations where the images were taken; the identity of the person(s) taking the image and

---

[7] If you are requesting the production of the discs in evidence containing the original audio recordings, the government notes it is not required to produce those discs in discovery. See Fed. R. Evid. 1003. You may, however, inspect the original discs by contacting us to arrange a mutually convenient time.

describe the relevance of the images to this case." See Dkt. No. 154 at 3. The government notes that it has provided law enforcement reports detailing the events surrounding particular seizures and that many of the photographs it has produced relate to those seizures.[8] Insofar as you have questions regarding particular photographs, please contact us and provide the Bates-numbers of the particular photographs about which you have questions. The government will provide information about the photographs that is discoverable under Rule 16.

D. You have requested that the government provide you a new disc containing the documents produced on August 11, 2017. The government has conferred with you about this issue in an attempt to resolve it. If you continue to have difficulty accessing the documents produced on August 11, 2017, please contact us.

E. You have requested "the original recordings" of the documents Bates-stamped 000044187-000053316, as well as the "dates of the conversations, the linesheets (if any), the identity of the parties involved and how the recordings were made." See Dkt. No. 154 at 3. The government produced the electronic communications that correspond to the draft translations Bates-stamped 000044187-000053316 on September 19, 2017, in same production as the draft translations. See Dkt. No. 140. The electronic communications are Bates-stamped 000053317. The recordings are communications of associates of the defendant. The dates of the communications are reflected in the electronic communications and draft translations. These communications were obtained pursuant to a lawful warrantless search conducted of a server located in a foreign country.

---

[8] As noted supra, see Section IV., although these law enforcement reports fall within the scope of 18 U.S.C. § 3500, the government has elected to disclose certain reports earlier than it is required to do so under the law.

If you have any further questions or requests regarding discovery, please do not hesitate to contact us.

Very truly yours,

BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

BENJAMIN J. GREENBERG
ACTING UNITED STATES ATTORNEY
Southern District of Florida

cc: Clerk of the Court (BMC) (by ECF)