**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP:AG/MPR
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 19, 2018

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Joaquin Archivaldo Guzman Loera
Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

Pursuant to the Court's April 25, 2018 Order, the parties respectfully submit the following proposed agenda for the June 26, 2018 status conference:

1) Transcripts
   a. In its Order dated June 7, 2018, see Dkt. No. 240, the Court granted the government's request to introduce translated transcripts of intercepted and recorded communications into evidence. The Court also ordered the government to "provide defendant with final transcripts with side-by-side translations prior to trial." Dkt. No. 240 at 9.
   b. In the interest of presenting accurate transcripts to the jury and of avoiding delays at trial, Mr. Guzmán respectfully requests that the Court direct the government to produce the translations by a date certain sufficiently prior to trial in order to allow the defense to verify the accuracy of the translations and possibly reach a stipulation or to file a motion in in limine challenging the transcript. Mr. Guzmán also respectfully requests that each transcript include the time of the recording, the date of the recording, the track or to otherwise clearly identify the event to which the transcript pertains.
   c. Similarly, Mr. Guzmán respectfully requests that the Court direct the government to produce by a date certain reasonably prior to trial all transcripts and translations of any statements allegedly made by Mr. Guzmán that it intends to use at trial. Mr. Guzmán also requests that the

transcripts include the date of the recording, the time of the recording, the relevant track or to otherwise clearly identify the event to which the transcripts pertain.

d. The government intends to produce finalized translations and transcripts on a rolling basis as they become available. The government notes that, to date, it has produced draft translations, transcripts and/or summaries for most, if not all, of the recordings that it intends to use at trial, including statements of the defendant. The government anticipates that it will produce all finalized transcripts by August 15, 2018.

2) Defense Motion to Change Venue

a. Mr. Guzmán respectfully request that the Court advise the parties whether at the status conference it will allow or require additional argument on Mr. Guzmán's motion for change of venue. Additionally, as the Court is aware, two of Mr. Guzman's counsel live in other jurisdictions and need to make arrangements for housing during prior to and during trial. Mr. Guzmán respectfully request a ruling on his Motion for Change of Venue so that counsel will have certainty when making those arrangements. <u>See</u> Dkt. No. 226.

3) Defense Motion to Compel

a. Mr. Guzmán has filed a Motion to Compel production of specific materials related to the government's <u>Brady</u> disclosure. The government will respond by June 25, 2018 and the defense one week later.

b. Mr. Guzmán informs the Court that depending on additional disclosures expected to be made by the government, an adjournment of trial may be necessary in order to further investigate the disclosures and to determine whether the disclosures can be used in Mr. Guzmán's defense. It is the government's very late disclosure of a substantial amount of <u>Brady</u> evidence from numerous potential witnesses that has placed the defense in the difficult and unenviable position of possibly seeking to further delay trial. Mr. Guzmán respectfully requests a ruling on that motion as soon as practicable for the Court.

c. The government will respond to these arguments, which the defendant has already made in his motion, when it files its opposition brief on June 25, 2018.

4) Defense Motion to Suppress

a. Due to recent disclosures by the government concerning the interception of electronic communications, Mr. Guzmán may file a motion to suppress those intercepts.

b. The government is unaware of which communications the defendant seeks to suppress; thus, it cannot not respond to the defendant's claim that his late motion is justifiable.

   c. The government will respond three weeks after the defendant files his motion, and the defendant will file his reply one week later.

5) Defense Motion to Suppress Statements
   a. The defendant has moved to suppress certain statements made by the defendant. See Dkt. No. 245.
   b. The government does not intend to introduce those statements at trial in its case-in-chief. Accordingly, the government requests that the Court deny that motion as moot.

6) Motions Deadline for the Defense
   a. Given that the defendant continues to file motions beyond the Court's April 9, 2018 deadline, the government will ask the court to set a final deadline for the remaining defense motions.

7) Length of Trial
   a. The government requested that the defendant stipulate to various witnesses. Defense counsel did not agree. See Dkt. Nos. 241, 244.
   b. Given the present scope of the government's case, including the additional witnesses needed in light of the defendant's refusal to stipulate to certain witnesses, such as chemists and chain of custody witnesses, the government anticipates that trial will last approximately sixteen weeks. The government respectfully requests that the Court revise the jury questionnaire accordingly. See Dkt. No. 236 at 34.

Respectfully submitted,

COUNSEL FOR DEFENDANT
A. Eduardo Balarezo, Esq.
William Purpura, Esq.

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:
BENJAMIN J. GREENBERG
UNITED STATES ATTORNEY
Southern District of Florida

cc: Clerk of the Court (BMC) (by ECF)