BALAREZO LAW
CRIMINAL DEFENSE

July 1, 2018

The Honorable Brian M. Cogan
United States District Judge
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Joaquín Archivaldo Guzmán Loera*
Case No. 09-CR-0466(S-4)(BMC)

Dear Judge Cogan:

Mr. Guzmán respectfully submits his objection to the government's *Ex Parte* Letter in Support of Opposition to Defendant's Motion to Transfer Venue. (Doc. Nos. 256 and 257). Mr. Guzmán filed his Motion to Transfer Venue (Doc. No. 226), the government opposed (Doc. 229) and Mr. Guzmán replied (Doc. 234). At the last status conference, the Court heard from counsel. Now, the government submits an *ex parte* in further support of its opposition.

By the government's own count, it has filed, and this Court has accepted, at least nine *ex parte* submissions that affected substantial rights of Mr. Guzmán. For example, the government has filed *ex parte* material concerning the SAMs; its objection to Mr. Guzmán being able to have visits from his wife and Mexican counsel; its request for an anonymous and partially sequestered jury; its first motion *in limine*; and other issues. This latest *ex parte* submission is the tenth (10th) such filing. This matter is two months from trial and Mr. Guzmán is still left swatting at ghosts and unable to properly defend himself.

This Court has recognized that *ex parte* communications between the government and the Court are "disfavored because such communications deprive a defendant of notice relating to the precise content of the communications and an opportunity to respond. Moreover, some courts have posited that *ex parte* communications can 'create both the appearance of impropriety and the possibility of actual misconduct.'" (Doc. 101) (citing *See In re Taylor*, 567 F.2d 1183, 1187-88 (2d Cir. 1977); quoting *United States v. Napue*, 834 F.2d 1311, 1319 (7th Cir. 1987)).

While *ex parte* submissions may be a common part of the government's practice, courts have long recognized that it is a "dangerous procedure" when the government has "private access to the ear of the court." *See Haller v. Robbins*, 409 F.2d. 857, 859 (1st Cir. 1969). *See also United States v. Charmichael*, 232 F.3d 510, 517 (6th Cir. 2000)( "As a general rule of thumb, in all but the most exceptional circumstances, *ex parte* communications with the court are an extraordinarily bad idea."); *United States v. Perrotta*, 42 F.3d 702 (1st Cir. 1994); *United*

400 Seventh Street NW Ste 306 Washington, DC 20004
A. Eduardo Balarezo, Esq.
Admitted in DC, NY & MD
Tel 202.639.0999
Fax 202.639.0899
Email aeb@balarezolaw.com
Web www.balarezolaw.com

*States v. Innamorati*, 996 F.2d 453 (1st Cir. 1993). *Ex parte* submissions at a minimum cast doubt upon the appearance of impartiality fundamentally necessary to our system of justice. *See Grieco v. Meachum*, 533 F.2d 713, 719 (1st Cir. 1976), *overruled on other grounds by Maine v. Moulton*, 474 U.S. 159 (1985); *see also Offut v. United States*, 348 U.S. 11, 13 (1954).

The right to a fair trial is an essential, basic requirement of the right to due process. *In Re Murchison*, 349 U.S. 133, 136 (1955). This can only be achieved through the open adversarial process in which neither side has an unfair advantage. *See, e.g.,* Roberta K. Flowers, *An Unholy Alliance: The Ex Parte Relationship Between the Judge and the Prosecutor*, 79 Neb. L. Rev. 251, 265-263 (2000). *Ex parte* communication between the prosecution and the court "stifles the people's belief in our independent and impartial judiciary." *United States v. Barnwell*, 477 F.3d 844, 853 (6th Cir. 2007). As recognized by the Second Circuit, "fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights." *See United States v. Abuhamra*, 389 F.3d 309, 322 (2d Cir. 2004). "That, of course, is the due process concern raised when a court relies on *ex parte* submissions in resolving an issue that is the subject of an adversarial proceeding." *Id.* at 322.

Given that *ex parte* communications bear directly on a defendant's right to due process and the effective assistance of counsel, *ex parte* contact between the prosecution and the Court must be justified by a compelling governmental interest. *See United States v. Barnwell*, 477 F.3d 844, 850-51 (6th Cir. 2007) *citing United States v. Minsky,* 963 F.2d 870, 874 (6th Cir.1992) (quoting *In re Taylor,* 567 F.2d 1183, 1188 (2d Cir.1977)); *cf. United States v. Arroyo-Angulo,* 580 F.2d 1137, 1145 (2d Cir. 1978) (closed proceedings "are fraught with the potential of abuse and, absent compelling necessity, must be avoided"). Further, courts have recognized that the government "bears a heavy burden" in demonstrating that an *ex parte* communication is warranted. *See Barnwell* at 851, *citing United States v. Minsky,* 963 F.2d at 874.

In *United States v. Abuhamra*, the Second Circuit held that, as a general rule, courts should not rely on evidence submitted *ex parte*, finding an exception to this rule to be permissible only in the rare case in which: (1) the government demonstrates an overriding interest that will be prejudiced by disclosure; (2) the order sealing the evidence is "no broader than necessary to protect that interest;" (3) the court considers alternatives to *ex parte* submissions; (4) the court makes findings justifying the *ex parte* submission; (5) the government discloses the substance of its *ex parte* submissions to the defense; and (6) the court engages in heightened scrutiny of the reliability of the *ex parte* submissions. *See Abuhamra*, 389 F.3d at 332. While *Abuhamra* considered the use of *ex parte* submissions in a detention hearing, this test has been extended beyond that context. *See Cabral v. Strada*, 513 Fed. Appx. 99, 103 (2d. Cir. 2013) (placement in SHU).

Given the numerous ways in which the government has sought to impact Mr. Guzman's rights through the use of *ex parte* filings, Mr. Guzmán submits that the test enunciated in *Abuhamra* is appropriate. Applying that test, the government has failed to meet its heavy burden of demonstrating that its *ex parte* filings are warranted. As an initial matter, the government has failed to provide the defense with the substance of its *ex parte* submissions or the specific reasons why it believes it will be prejudiced by disclosure. Further, the filing of entire submissions under seal, without providing a summary to defense counsel, violates the

standard announced in *Abuhamra* and goes beyond what is necessary to secure the government's purported interest.

In the instant matter, the repeated use of *ex parte* filings casts a dark cloud upon the impartially of the judicial process that is fundamental to our system of justice. Repeated *ex parte* submissions also give the government an unfair advantage that violates Mr. Guzmán's due process rights. For the reasons stated above, Mr. Guzmán respectfully requests that the Court reject the government's latest *ex parte* submission and require it to file the document publicly and allow Mr. Guzmán the ability to respond.

Respectfully submitted,

**BALAREZO LAW**

By: ______________________________

A. Eduardo Balarezo, Esq.
EDNY Bar # AB7088
400 Seventh Street, NW
Suite 306
Washington, DC 20004
Tel: (202) 639-0999
Fax: (202) 639-0899
E-mail: aeb@balarezolaw.com

*Counsel for Joaquín Guzmán Loera*