BALAREZO LAW
CRIMINAL DEFENSE

August 25, 2018

The Honorable Brian M. Cogan
United States District Judge
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Joaquín Archivaldo Guzmán Loera*
Case No. 09-CR-0466(S-4)(BMC)

Dear Judge Cogan:

Mr. Guzmán respectfully responds to the Court's Order to Show Cause, issued August 15, 2018. Doc. No. 285. In the Order, the Court directs the parties to show cause why: 1) Violation 85 should not be stricken as a substantive count; 2) *Jones* and *Apprendi* require the government to prove the elements of § 848(e) to the jury beyond a reasonable doubt; and 3) the evidence that the government seeks to admit is inadmissible under Fed. R. Evid. 404(b). *Id.* at 8. Mr. Guzmán addresses the issues *seriatim*.

**<u>Violation 85</u>**

"It is now the Court's view that subsection (e) states a sentencing enhancement or an additional penalty, not a substantive offense." Order at 6. The government has alleged Violation 85 as part of Count 1 and it seeks to prove several conspiracies to commit murder pursuant to 21 U.S.C. § 848(e)(1)(A). Mr. Guzmán's concurs with the Court's view and takes the position that it is for the government to show cause why Violation 85 should not be stricken as a substantive offense.

Regardless of whether subsection (e) states an offense or a sentencing provision, Mr. Guzmán renews his motion to strike Violation 85 for failure to state an offense because, on its face, the statute does not encompass *conspiracy* to commit murder. The text of the statute requires that a defendant "*intentionally kills or counsels, commands, induces, procures, or causes* the intentional killing of an individual *and such killing results*," thereby explicitly precluding the inchoate *conspiracy* to kill. *See* Doc. 274 at 6-8. That is, the statute requires an *actus reus* and not just simply a *mens rea*. The statute was enacted in part in order to render a violator eligible for the death penalty, and conspiracy to commit murder is not a death-eligible

400 Seventh Street NW Ste 306 Washington, DC 20004
A. Eduardo Balarezo, Esq.
Admitted in DC, NY & MD
TEL 202.639.0999
FAX 202.639.0899
EMAIL aeb@balarezolaw.com
WEB www.balarezolaw.com

offense under federal law. Had Congress intended to include conspiracies to commit murder in the statute, it knew how to do so.

***Jones* and *Apprendi***

"The Court does not see how *Jones* and *Apprendi* require the Government to prove the element of § 848(e) to [the] jury." Order at 7. Mr. Guzmán's concurs with the Court's view and takes the position that it is for the government to show cause why Jones and Apprendi require to prove the elements beyond a reasonable doubt to a jury. Mr. Guzmán also agrees with the Court's "current view … [that § 848(e) is] a penalty provision where the *Apprendi* concern cannot be used to justify the admission of the evidence …." Tr. 8/14/18 at 12:6 – 9.

**Fed. R. Evid. 404(b)**

Evidence of other crimes is inadmissible under Fed. R. Evid. 404(b) "when offered to show a person's propensity to act in a particular way." *United States v. Mejia*, 545 F.3d 179, 206 (2d Cir. 2008). Such evidence is admissible, on the other hand, when offered to show "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." *Id.* (quoting Rule 404(b)). The Second Circuit characterizes its general approach to Rule 404(b) evidence as "inclusionary." *Id.* But that does not mean that there is any "presumption" that other crimes evidence is admissible in this Circuit; there is not. *See United States v. Devaughn*, 601 F.2d 42, 45 (2d Cir. 1979). The purpose of Rule 404(b)'s notice provision is "to reduce surprise and promote early resolution" of any challenge to admissibility of the proffered evidence. *United States v. Nachamie*, 91 F.Supp.2d 565, 576 (S.D.N.Y. 2000)(citations omitted).

In determining whether to allow Rule 404(b) evidence, the Second Circuit considers four factors: whether 1) the evidence was offered for a proper purpose; 2) it was relevant to a material issue in dispute; 3) the probative value of the evidence was substantially outweighed by prejudicial effect; and 4) the trial judge gave an appropriate limiting instruction concerning the evidence. *See United States v. Zedner*, 401 F.3d 36, 49 (2d Cir. 2005). "To qualify for admission the other-crimes evidence must be relevant to an actual issue in the case, and its probative value on that issue must not be outweighed by its unfair prejudice to the defendant." *Devaughn*, 601 F.2d at 45. Courts must carefully assess admission of Rule 404(b) evidence against these standards; the "fear, of course, is that the accused might be convicted because of his participation in the other crime rather that because he is guilty beyond a reasonable doubt of the crime alleged." *Id.* at 46 (internal quotation omitted). The government charges Mr. Guzmán solely with narcotics trafficking offenses. The multiple murder conspiracies the government seeks to introduce are not relevant to the drug offenses; any probative value is substantially outweighed by the prejudice of having to defend against untold murder conspiracies; and the evidence is being introduced for the improper purpose of propensity evidence.

Rule 404(b) commands that the government notify a defendant of its intention to introduce evidence of other crimes, wrongs, or acts which the defendant has allegedly committed. This notice is essential to ascertain that the government is not relying on 404(b) evidence merely to demonstrate propensity. *United States v. Clarke*, 24 F.3d 257 (D.C. Cir. 1994). Pretrial notice of 404(b) material is required so that a defendant is not subjected to a "trial by ambush." *See United States v. Kelly*, 420 F.2d 26, 29 (2nd Cir. 1969). To prevent the introduction of such evidence, and to head off time-consuming and potentially prejudicial contests before the jury over the admissibility of such evidence, Mr. Guzmán seeks prompt pre-trial disclosure of the evidence the government intends to present and for the Court to require an individual showing of the evidence's relevance for each and every alleged conspiracy.

If the Court determines that the evidence is admissible pursuant to Fed. R. Evid. 404(b), Mr. Guzmán requests that the conspiracies to commit murder be excluded pursuant to Federal Evidence Rule 403. That rule provides that the Court may preclude the presentation of evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The government has chosen to charge Mr. Guzmán for narcotics-related offenses and now seeks to bootstrap multiple murder conspiracies to improperly cast Mr. Guzmán as having the propensity to commit murders. While there may be some murder conspiracies that are probative (and counsel cannot yet know, since they have yet to receive a whiff of discovery that would provide such information), it is plain that the sheer numbers involved here will create tremendous delay, will plainly be cumulative, and will be prejudicial almost beyond measure. *See, e.g., United States v. Basciano*, 2007 WL 1791221, at *3 (E.D.N.Y. June 19, 2007) ("numerous uncharged crimes are already being admitted and, at some point, the collective effect of all of these uncharged acts is to suggest criminal propensity").

Respectfully submitted,

**BALAREZO LAW**

/s/

By: ______________________________________

A. Eduardo Balarezo, Esq.
EDNY Bar # AB7088
400 Seventh Street, NW
Suite 306
Washington, DC 20004
Tel: (202) 639-0999
Fax: (202) 639-0899
E-mail: aeb@balarezolaw.com

**PURPURA & PURPURA**

/s/

By: ____________________________________

William B. Purpura, Esq.
*Admitted Pro Hac Vice*
8 East Mulberry Street
Baltimore, MD 21202
Tel: ((410) 727-8550
Fax: (410) 576-9351
E-mail: wpurpura@purpuralaw.com

*Counsel for Defendant Joaquín Guzmán Loera*

cc:
Government Counsel
(via e-mail and ECF)