**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP:AG
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 18, 2018

**SUBMITTED** [redacted]

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Joaquin Archivaldo Guzman Loera
Criminal Docket No. 09-466 (BMC) (S-4)

Dear Judge Cogan:

The government respectfully submits this letter in response to the Court's Order, dated September 14, 2018, see Dkt. No. 313, requesting additional facts surrounding a potential cooperating witness's attorney-client relationship with Jeffrey Lichtman, Esq.

I. Facts

The government has learned the following information regarding Mr. Lichtman's representation of CW#1[1]: CW#1 was arrested in [redacted] in [redacted] of [redacted] and retained a [redacted] defense attorney. The [redacted] attorney had the diplomatic note requesting CW#1 arrest, which included a description of the pending indictments and a summary of these cases. This [redacted] attorney recommended Mr. Lichtman to serve as United States-based counsel, and in September 2007, Mr. Lichtman traveled to [redacted] and spent several days waiting for permission to visit CW#1 in prison. Mr. Lichtman visited CW#1 twice during this time. On one occasion, Mr. Lichtman and CW#1 met in a small cubicle where they spoke via telephone for approximately one hour. The second meeting between CW#1 and Mr. Lichtman lasted around two hours and was in a prison conference room with several [redacted] corrections officers present. During these two meetings, according to CW#1, he spoke in general terms with Mr. Lichtman that the United States Government accused him of introducing tons of cocaine into the United States and various other charges. Mr. Lichtman

[1] The witness' name was previously disclosed to the Court and concerned parties.

said he would defend CW#1 vigorously but that if CW#1 went to trial, he was likely to lose and be sentenced to the maximum allowed under the United States-[redacted] Treaty. CW#1 informed Mr. Lichtman that he wanted to cooperate. While CW#1 advised Mr. Lichtman that he had "good information" to provide to the United States government, CW#1 did not go into specific details or provide any names of coconspirators. According to CW#1, Mr. Lichtman agreed with the following approach: that if the United States government offered a good plea deal, they would consider this option, but if not, they would be prepared to go to trial. Mr. Lichtman told CW#1 that he needed a down payment for his services and his legal team, and CW#1 instructed Mr. Lichtman to discuss the details with his [redacted] attorney.

Subsequently, with CW#1's permission, Mr. Lichtman and a [redacted] attorney set up a meeting with the United States Attorney's Offices for the Eastern District of New York and the Southern District of New York. It is CW#1's understanding that Mr. Lichtman represented his interests in this meeting with the United States government as his attorney.

According to CW#1, the [redacted] attorney informed CW#1 that the meetings with Mr. Lichtman in the United States went well, but that his case was likely headed to trial. Mr. CW#1 became dissatisfied with this news and decided to retain another defense attorney. Specifically, CW#1 informed the [redacted] attorney that he wanted to change attorneys, and then took that path.

CW#1 regarded Mr. Lichtman as his attorney, notwithstanding the lack of a full debriefing. They discussed fees, and a payment was made to have Mr. Lichtman begin working on his case.

Presently, CW#1 indicated that he is willing to waive this conflict, and it would be his preference that Mr. Lichtman not conduct his cross-examination. Contrary to the assertion in Mr. Lichtman's letter to the Court dated September 13, 2018, at 2 n.3, in two

separate conversations with three different Assistant United States Attorneys, Mr. Lichtman affirmatively represented that he would not cross-examine CW#1.

Respectfully submitted,

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
Southern District of Florida