RECEIVED
HON. Brian M. Cogan
OCT 01 2018

September 26, 2018

U.S. District Judge Brian Cogan
Eastern District of New York
225 Cadman Plaza
New York, NY

Dear Judge Cogan,

I am a member of the public and a reporter with Newsday, covering the case of U.S. v. Guzman Loera, 09CR466.

I am writing to seek access to an unredacted copy of the government's recent Motion in Limine (Docket 327); to respond to proposed limits on sketching and press access to unredacted exhibits at trial; and to request access to all juror voir dire and questionnaires at the upcoming trial.

As you know, there is a presumption of press and public access to court proceedings and judicial documents under both the common law and our Constitution. The presumption can only be overcome when a judge makes specific on-the-record findings that it is outweighed by a compelling interest in secrecy. Any sealing or closure must be narrowly tailored.

1. The government's Motion in Limine (Docket 327) has redactions on all or part of 50 out of 97 pages, and I see no findings from you authorizing these redactions. Although the government cites a protective order (Docket 57) covering discovery materials provided to the defense, an uncontested protective order agreed to by the parties cannot be used to bootstrap a limit on the public's presumption of access and is not subject to the same rigorous standard for overcoming it.

The government suggests that, even though the redacted materials do not identify any cooperating witnesses, they are necessary to protect the identity and safety of cooperating witnesses. This claim needs to be inspected carefully, redaction by redaction and sentence by sentence.

First, the sheer volume of the redactions suggests a lack of narrow tailoring. It is hard to believe, for example, that every single sentence of the block redaction from pages 59 to 66 would reveal the identity of a cooperator.

Second, some of the subject headings cast doubt on the government's claimed rationale. For example, after five blacked out pages beginning on page 34 relating to Guzman's well-known escapes, the government on Page 40 says the redacted material describes "an array of secure residences… and safe houses" and "remarkable feats of engineering." It is not clear why safe houses and engineering would identify cooperators.

Similarly, beginning on Page 46 an entire section concerning Guzman's "Voluntary Statements to

U.S. Law Enforcement" is redacted, and starting on Page 56 a "Motion to Admit Defendant's Letters" is largely redacted. The argument that descriptions of Guzman's statements and Guzman's letters would endanger cooperators is not intuitively obvious.

Third, the government acknowledges that many if not all of these cooperators will either testify or be identified at trial. If their identities will soon be known, the short-term, incremental character of the safety interest is far less compelling relative to the public interest in access.

The presumption is designed to encourage transparency, which breeds faith in the courts, and limit secrecy, which breeds mistrust. Without knowing half of the information the government is asking you to let in and keep out in its Motion, the public will be unable to understand or critically review your rulings. Opacity about the functioning of the court – particularly in a case of high interest to non-Americans -- is precisely what the presumption seeks to guard against.

2. On Page 73 of its Motion in Limine the government seeks to restrict access to the proceedings by articulating a plan to limit sketches and distribute only pixellated versions of certain pictures, to protect cooperating witnesses.

If you agree to pixellation of some exhibits, the government should be ordered to do the pixellation in advance, so the press and public will still have access to affected exhibits on a timely, same-day basis, rather than waiting for the government to redact exhibits for days after they are introduced.

In Footnote 20, the government asks you to delegate to it the power to determine on a case-by-case basis if this redaction-by-pixellation should be used for photos of witnesses whose likenesses are already available to the public. There is no compelling interest in keeping secret photos of witnesses whose likenesses are already available, and only a judge can make the determination that the presumption of access is overcome. The court should not delegate this judicial function to the prosecution. It should get permission from the court for every exhibit it does not release in unredacted form.

3. You have announced plans to use questionnaires, and then individual voir dire – apparently in chambers – during jury selection. The presumption of access applies to jury selection. Although the parties have not sought restrictions, it would be helpful if the court could clarify prior to the start of trial the timing of press access to questionnaires, and the means by which we will have access to individual voir dire that does not occur in the courtroom.

Thank you for your attention to these matters.

/John Riley
Newsday
516-458-2393
riley@newsday.com

Riley
Newsday
Press Room
EDNY

USMS

U.S. District Judge Brian Cogan
EDNY
225 Cadman Plaza
Brooklyn, NY

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 26 2018 ★
BROOKLYN OFFICE