BALAREZO LAW
CRIMINAL DEFENSE

October 23, 2018

The Honorable Brian M. Cogan
United States District Judge
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Joaquín Archivaldo Guzmán Loera*
Case No. 09-CR-0466(S-4)(BMC)

Dear Judge Cogan:

Mr. Guzman respectfully writes in response to the requests raised by various media organizations concerning *voir dire* for Mr. Guzmán's upcoming trial.

Mr. Guzmán generally does not object to the government's proposal that the media be permitted to observe *voir dire* through closed circuit television or other video feed. Mr. Guzmán does object to the media being limited to "at most a single pool reporter."

The Court has already ordered that the jury be anonymous and partially sequestered. Thus, their identities are protected and no one, including the media, will possess any information that may lead to their identification. The government cites *United States v. Shkreli*, 260 F. Supp. 3d 257, 259 (E.D.N.Y. 2017) (KAM) in support of its request to limit the media to one pool reporter. However, the court in *Shkreli* conducted *voir dire* in open court and did not use a jury questionnaire. The court did limit the media to one pool reporter who would be present at *voir dire* sidebars where the physical proximity to jurors could in and of itself be intimidating. That scenario is much different to the one to be used in this case. Here, the media representatives would be observing via closed circuit television from an entirely separate room and the intimidation or disruption factor is not present. Additionally, the use of jury questionnaires limits juror information from being disseminated.

Limiting the media to one pool reporter unfairly limits the perspectives that the public would get from a single reporter. For example, Newsday may cover the proceedings differently from the New York Times or from the New York Post. Allowing more than one reporter to be present will allow different views to be disseminated to the public giving it a more fulsome perspective and further ensuring that the proceedings are fair to the parties.

400 Seventh Street NW Ste 306 Washington, DC 20004
A. Eduardo Balarezo, Esq.
Admitted in DC, NY & MD
Tel 202.639.0999
Fax 202.639.0899
Email aeb@balarezolaw.com
Web www.balarezolaw.com

The Supreme Court has repeatedly recognized that one "important means of assuring a fair trial is that the process be open to neutral observers." *Press–Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 7 (1986). As the Second Circuit has noted, "except in rare circumstances, openness preserves, indeed, is essential to, the realization of [the right of the accused to a fair trial] and to public confidence in the administration of justice." *ABC, Inc. v. Stewart*, 360 F.3d 90, 105–06 (2d Cir. 2004). The presence of the press at trials not only "makes some contribution to the fairness of trials and the perception that justice is done," *United States v. King*, 140 F.3d 76, 83 (2d Cir. 1998) (citing *Press–Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 508–10 (1984), but also helps educate the public on the judicial process. Press coverage of *voir dire*, no less than coverage of opening statements or the cross examination of a key witness, contributes to the fairness of trials. *See generally Shkreli*, 260 F. Supp. 3d at 259.

For the foregoing reasons, Mr. Guzmán respectfully requests that more than a single media representative be allowed to observe *voir dire* via closed circuit television from another courtroom.

Respectfully submitted,

**BALAREZO LAW**

/s/
By: ___________________________________

A. Eduardo Balarezo, Esq.
EDNY Bar # AB7088
400 Seventh Street, NW
Suite 306
Washington, DC 20004
Tel: (202) 639-0999
Fax: (202) 639-0899
E-mail: aeb@balarezolaw.com

*Counsel for Joaquín Guzmán Loera*

cc:

Government Counsel
(via e-mail)