BALAREZO LAW
CRIMINAL DEFENSE

November 8, 2018

The Honorable Brian M. Cogan
United States District Judge
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Joaquín Archivaldo Guzmán Loera*
Case No. 09-CR-0466(S-4)(BMC)

Dear Judge Cogan:

Mr. Guzmán respectfully writes in response to the government's letter of November 7, 2018, objecting to the defense's proposed redactions of the Court's Order of October 30, 2018) (Doc. 403). Mr. Guzmán objected to the government's wholesale redaction of the Court's Order as unnecessary because the redactions were meant to protect the government rather than the witnesses from embarrassment.

The government argues, the [redacted] However, the Court based its ruling on the Rules of Evidence that govern what evidence can be presented at trial, not what can publicly filed on the Court's docket. The government's argument that excluding certain lines of cross-examination [redacted] is flawed because the Rules of Evidence have nothing to do with whether the Order can be publicly filed.

The public has a right to access to Court orders. In fact, the common law right of public access to judicial documents is firmly rooted in our nation's history. *Lugosch v. Pyramid Co*., 435 F.3d 110, 119 (2nd Cir. 2006). In order to be designated a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* There can be no argument that the Court's Order at issue is a judicial document.

Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such

400 Seventh Street NW Ste 306 Washington, DC 20004
A. Eduardo Balarezo, Esq.
Admitted in DC, NY & MD
Tel 202.639.0999
Fax 202.639.0899
Email aeb@balarezolaw.com
Web www.balarezolaw.com

information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.*

In addition to the common law right of access, it is well established that the public and the press have a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 91 (2nd Cir. 2004). Courts have articulated two different approaches for determining whether "the public and the press should receive First Amendment protection in their attempts to access certain judicial documents." *Id.* at 92. The so-called "experience and logic" approach requires the court to consider both whether the documents "have historically been open to the press and general public" and whether "public access plays a significant positive role in the functioning of the particular process in question." *Id.* (quoting *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 8 (1986)). "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* The second approach considers the extent to which the judicial documents are "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." *Id.* at 93.

A court's conclusion that a qualified First Amendment right of access to certain judicial documents exists does not end the inquiry. "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times Co.,* 828 F.2d 110, 116 (2d Cir.1987). (internal quotation marks omitted). "Broad and general findings by the trial court, however, are not sufficient to justify closure." *Id.*

The Court's Order is a document that historically has been open to the press and general public and plays a significant positive role in the functioning of his case. Similarly, the Order in question is necessary for the press and public to understand the case and the relevant proceedings. Here, the Court's Order pertains to information the Court has ruled cannot be inquired into by the defense during cross-examination of certain witnesses at trial. Public docketing of the Court's Order will not reveal their identity because the witnesses are not identified in the Order. Nor will public docketing of the Order cause the witnesses embarrassment or invasion of privacy because they will not be examined on the prohibited topics in Court and the prohibited topics cannot be connected to them because, again, they are not named in the Order.

The Court has previously accepted the government's redactions without comment. While, it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document, it improper for the district court to delegate its authority to do so. *United States v. Amodeo*, 44 F.3d 141 (2nd Cir. 1995). The Court should make its own redactions, supported by specific findings, after a careful review of all claims for and against access. *See In re New York Times Co.,* 834 F.2d 1152, 1154 (2d Cir.1987), *cert. denied,* 485 U.S. 977 (1988). Such findings would provide us with a basis for effective review in the event of a future appeal. *See Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984). The findings

may be sealed to the extent that their articulation reveals information that should not be disclosed. *United States v. Haller,* 837 F.2d 84, 88 (2d Cir.1988). Although the media nor the public is at this point requesting that the Court's Order be filed publicly, the considerations are the same.

In sum, Mr. Guzmán submits that the government's proposed redactions are needlessly excessive and are meant to protect the government, rather than the witnesses, from embarrassment. That is not the purpose of redactions. Where the Court has granted the government's motion to preclude certain information, the jury will not hear that information and there is no prejudice to the witness nor danger that their identities will be revealed.

Respectfully submitted,

/s/

A. Eduardo Balarezo

cc:

Government Counsel
(via e-mail)