BALAREZO LAW
CRIMINAL DEFENSE

November 29, 2018

The Honorable Brian M. Cogan
United States District Judge
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Joaquín Archivaldo Guzmán Loera*
Case No. 09-CR-0466(S-4) (BMC)

Dear Judge Cogan:

On behalf of Mr. Guzmán, undersigned counsel respectfully submits this opposition to the government's motion to "admonish" defense counsel to adhere to Local Criminal Rule 23.1. On their face, none of the tweets cited by the government violate Rule 23.1 because there is not a substantial likelihood that such tweets will interfere with a fair trial. The government's motion is a baseless attempt to cast aspersions about counsel, is without merit and should be denied.

Local Criminal Rule 23.1 states in relevant part:

> (c) During a jury trial of any criminal matter, including the period of selection of the jury, no lawyer or law firm associated with the prosecution or defense shall give or authorize any extrajudicial statement or interview relating to the trial or the parties or issues in the trial which a reasonable person would expect to be disseminated by means of public communication *if there is a substantial likelihood that such dissemination will interfere with a fair trial*; except that the lawyer or the law firm may quote from or refer without comment to public records of the Court in the case.

L. Crim. R. 23.1 (emphasis added). The government's motion is based on several tweets[1] posted on counsel's Twitter account. Counsel addresses the government's allegations about the individual tweets in chronological order:

[1] A "tweet" is a posting on the Twitter online message service. *See* https://www.merriam-webster.com/dictionary/tweet.

400 Seventh Street NW Ste 306 Washington, DC 20004
A. Eduardo Balarezo, Esq.
Admitted in DC, NY & MD
Tel 202.639.0999
Fax 202.639.0899
Email aeb@balarezolaw.com
Web www.balarezolaw.com

**a. Tweet 1**


BALAREZO LAW
@balarezolaw

Cry havoc and let slip the dogs of war. @balarezolaw #ChapoGuzman

9:35 AM - 13 Nov 2018

1 Retweet 3 Likes

The government finds the phrase, "Cry [h]avoc and let slip the dogs of war" to be nefarious.

In English, "Cry 'Havoc!', and let slip the dogs of war" is a phrase spoken by Mark Antony in Act 3, Scene 1, line 273 of William Shakespeare's *Julius Caesar*. In the scene, Mark Antony is alone with Julius Caesar's body, shortly after Caesar's assassination. In a soliloquy, he reveals his intention to incite the crowd at Caesar's funeral to rise up against the assassins. Foreseeing violence throughout Italy, Antony even imagines Caesar's spirit joining in the exhortations: "ranging for revenge, with Ate by his side come hot from hell, shall in these confines with a Monarch's voice cry 'Havok!' and let slip the dogs of war." In a literal reading, "dogs" are the familiar animals, trained for warfare; "havoc" is a military order permitting the seizure of spoil after a victory and "let slip" is to release from the leash.[2]

More relevant to undersigned counsel, it is a phrase that he has uttered at the beginning of his trials because trial is like a war.

**b. Tweet 2**


BALAREZO LAW
@balarezolaw

Fuentes me cuentan que Héctor Beltrán Leyva falleció cuando le notificaron que iba ser extraditado para presentarse en la corte de NY para testificar en contra del Chapo. Me dicen que lo iban a llevar al aeropuerto cuando le dio el supuesto infarto. @EPN #ElChapo @balarezolaw

Translate Tweet

9:20 AM - 22 Nov 2018

307 Retweets 345 Likes

This tweet pertains to the death of Hector Beltrán Leyva, counsel's former client, whose sudden death sparked much interest. The government fails to note that the tweet tagged "@EPN," a reference to Mexican president Enrique Peña Nieto. As the government concedes,

[2] *See* https://en.wikipedia.org/wiki/The_dogs_of_war_(phrase).

Mr. Beltrán Leyva was never considered a witness in the case and counsel's tweet makes no comment about the trial or to any testimony pertaining to Mr. Beltrán Leyva.

Prior to this tweet, counsel tweeted:




This post retweeted an article titled, "El Chapo's drug cartel paid $6 million in bribes to current Mexico president Peña Nieto." It asked Peña Nieto the simple question whether Peña Nieto was sorry for having extradited Mr. Guzmán. The tweet did not comment on the trial or trial testimony. The tweet about Mr. Beltrán Leyva was a follow up to this tweet.

**c. <u>Tweet 3</u>**




The government alleges that in this tweet "Balarezo appeared to lament the fact that Rey Zambada testified that his brother paid Garcia Luna bribes." Gov. Mot. at 2. The government misrepresents the tweet. Counsel is not "lamenting" anything. He merely retweeted

the article cited, "Ahora salpican a García Luna en sobornos de "El Chapo," published at https://www.eluniversal.com.mx/nacion/ahora-salpican-garcia-luna-en-sobornos-de-el-chapo. Furthermore, the article was directed at former Mexican president Felipe Calderon and former Mexican Secretary of Public Security Genaro Garcia Luna and asked them, "Valió la pena?" or "Was it worth it?" Again, counsel's tweet did not make any statement or express any opinion concerning the trial or testimony.

**d. <u>Tweet 4</u>**


BALAREZO LAW
@balarezolaw

.@EPN Y no lo olvides, Chapo no dijo estas cosas. Así declararon los testigos del gobierno de los Estados Unidos. Pregúntale a tu amigo @realDonaldTrump

Translate Tweet

8:43 AM - 22 Nov 2018

128 Retweets 159 Likes

The government asserts that this tweet "then implored his followers to remember that Chapo did not make those statements and that [t]his is how the US government witnesses testified." Gov. Mot. at 2. The government again misrepresents the tweet. First, the tweet is also directed at "@EPN," the Mexican president and was made to ensure that it was clear that Mr. Guzmán himself did not allege that he bribed the president and that the allegation was made by a government witness." The tweet did not comment or offer any opinion concerning trial testimony.

The government suggests that "Balarezo's comment that the government eliciting testimony about paying bribes to Mexican officials was somehow improper appears to presumptively violate Local Rule 23.1 by commenting on the presentation of evidence." Gov. Mot. at 4. Rule 23.1(d) states that "[s]tatements concerning the following subject matters presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice …." Prohibited statements include, *inter alia*: 1) prior criminal record or the character or reputation of the accused; 2) the existence or contents of any confession; 3) performance of any examination or test; 4) the identity, testimony or credibility of a *prospective* witness; 5) the possibility of a guilty plea; 6) information known likely to be inadmissible at trial; 7) any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case. Beyond making conclusory accusations, the government cannot explain how the tweet runs afoul of the rule.

**e. Tweet 5**

BALAREZO LAW
@balarezolaw

Defense lawyers are forced to take their shoes off and go through 2 checkpoints. Worse than an airport. The prosecutors walk right on through. Fair? #elchapotrial



**'El Chapo' trial is treated as a nuclear and conventional terrorism target**
At the Brooklyn courthouse where Mexican drug kingpin Joaquin "El Chapo" Guzman is on trial, NYPD snipers roam the rooftops. K-9 units prowl the halls. The...
latimes.com

12:08 PM - 23 Nov 2018

20 Retweets 30 Likes

The government takes issue with counsel "complaining about having to remove his shoes when walking through security." Gov. Mot. at 2. Here, counsel retweeted a Los Angeles Times article about the intense security surrounding the trial. And, yes, counsel was noting the unfairness of defense counsel having to go through security and having to remove wallets, watches, pens, belts, laptops, coats and shoes to get into the courthouse and into the courtroom, all the while prosecutors walk right in without even having to stop. The defense raised this issue with the Court and the Court graciously intervened so counsel no longer have to remove their shoes. The Court also explained that prosecutors are treated like government employees as the reason for their not having to go through the same security procedures as defense counsel.

**f. Tweet 6**

BALAREZO LAW
@balarezolaw

Ramon Ayala - Un Puño de Tierra youtu.be/-fCV6FGi5FE via @YouTube

Translate Tweet



**Ramon Ayala - Un Puño de Tierra**
Un Puño de Tierra
youtube.com

9:34 PM - 28 Nov 2018

3 Retweets 12 Likes

4 3 12

The government claims that “Balarezo’s comment about Ramon Ayala’s song, ‘Un puño de Tierra’ can be interpreted not only as a comment on the evidence presented at trial that day, but [also] as a threat to witness Martinez’s [sic] safety ….” The government’s reaching in this instance is pathetic. The tweet was a link to a song mentioned at trial that many people had never heard. In fact, some trial observers tweeted the same thing:







The government concludes that “Balarezo’s comments appear designed to place fear in the jury and both cast aspersions on, and cause fear in, the government’s witnesses.” Gov. Mot. at 3. Cooperator Miguel Angel Martinez Martinez (alias “Tololoche”) is not a Twitter follower of @BalarezoLaw and his name was not mentioned with the tweet. Unless the government informed Martinez Martinez of the tweet, there is no reason he would even be aware of it. As for placing the jury in fear, this is another baseless allegation by the government. The Court has repeatedly admonished the jury about using social media or the internet in relation to this case. Were the government really concerned about the jury or cooperator Martinez Martinez being put in fear by a tweet, the government should have filed its motion under seal rather than

filing it publicly and assuring media coverage and widespread circulation.[3] The government's assertion is nothing more than a smear tactic designed to silence and tar the defense and infringe upon counsel's First Amendment rights.

The government has now filed various motions making the extremely serious, and utterly baseless, allegations that counsel has threatened witnesses, the jury and facilitated criminal activity. Apparently, the government's limitless resources allow it the luxury of wasting time filing frivolous motions. Perhaps the government's time would be better spent paring down its case and streamlining its presentation so that judicial resources are not squandered for the next several months. *See* "Days of testimony about drugs and killings in 'El Chapo' trial seem to bore jurors," L.A. Times, Nov. 19, 2018 (found at https://www.latimes.com/nation/la-na-el-chapo-defense-20181119-story.html).

Perhaps an op-ed from the website *Borderland Beat* says it best:

> Today the prosecution filed a complaint, docket number 472, complaining about defense attorney' Eduardo Balarezo's tweets, and the facial expression by defense attorney Ms. Mariel Colon-Miro, during her Spanish language interview with Telemundo. She was describing the difficulties Chapo is experiencing with no contact consultations or visitations, even with his attorneys. She apparently used a "forlorn expression" while speaking about the emotional hardship of these special measures and how he misses his family.
>
> What's the problem?
>
> Sure, probably not a great idea to vent on twitter, and I myself said that Balarezo reminds me of his nemesis Trump, his favorite target, but is it wrong? I don't recall Judge Cogan saying it was. And His tweets have no negative impact on the case, or the jury that I can see.
>
> As for Colon-Miro, forlorn expressions would sort of be expected, when speaking of forlorn issues and circumstance, a reasonable person would figure as much.
>
> And maybe that is the real issue. This prosecution has created a circus. They are never satisfied, they have been awarded with just about everything they have asked for, and they have the defendant living in isolation, using the controversial SAMS approved [special administrative measure], created for terrorists after 911.
>
> They have everything they need to put 50 Chapos away. But that isn't enough. It will never be enough.
>
> And yeah Chapo was a bad guy that did bad things. But I feel cheated. I feel cheated when I see a La Barbie, who brought executions on video to the public, and Chupeta who killed at least 300 many himself, who even killed small children and

[3] *See, e.g.,* "El Chapo's defense posted cryptic tweet about song to strike 'fear' in jurors and witnesses, government claims," New York Daily News (Nov. 29, 2018).

> an entire family of 35 innocents. I feel cheated that my government made these deals with too many monsters, when they did not have to. Not at that level, not at that quantity.
>
> Why? I am guessing to demonstrate to the public how well our tax dollars are being spent in a drug war they will say they are winning by these convictions.
>
> When in reality the war was lost the day it began.

"*El Chapo Case: Prosecution not liking defense tweets and facial expressions*," Borderland Beat (Nov. 29. 2018).

For the foregoing reasons, the government's motion should be denied.

Respectfully submitted,

/s/

A. Eduardo Balarezo

cc:

Government Counsel
(vis ECF)