7087

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
       - - - - - - - - - - - - - - -X
         UNITED STATES OF AMERICA,   :  09-CR-00466(BMC)
                                     :
                                     :
                                     :  United States Courthouse
              -against-              :  Brooklyn, New York
                                     :
                                     :
                                     :  February 11, 2019
                                     :  9:30 a.m.
         JOAQUIN ARCHIVALDO GUZMÁN   :
         LOERA,                      :
                                     :
                   Defendant.
       - - - - - - - - - - - - - - -X

              TRANSCRIPT OF CRIMINAL CAUSE FOR TRIAL
               BEFORE THE HONORABLE BRIAN M. COGAN
            UNITED STATES DISTRICT JUDGE, and a jury.


                       A P P E A R A N C E S:

       For the Government:      RICHARD P. DONOGHUE, ESQ.
                                United States Attorney
                                Eastern District of New York
                                271 Cadman Plaza East
                                Brooklyn, New York 11201

                           BY:  GINA M. PARLOVECCHIO, ESQ.
                                ANDREA GOLDBARG, ESQ.
                                MICHAEL P. ROBOTTI, ESQ.
                                Assistant United States Attorneys


                                United States Attorney's Office
                                Southern District of Florida
                                99 N.E. 4th Street
                                Miami, Florida 33132.

                           BY:  ADAM S. FELS, ESQ.
                                Assistant United States Attorneys
```

*Denise Parisi, RPR, CRR*
*Official Court Reporter*

7088

A P P E A R A N C E S: (Continued.)

```
For the Government:    Department of Justice, Criminal Division
                       Narcotic and Dangerous Drug Section
                       145 N. Street N.E.
                       Suite 300
                       Washington, D.C. 20530

                  BY:  ANTHONY NARDOZZI, ESQ.
                       AMANDA LISKAMM, ESQ.
                       BRETT C. REYNOLDS, ESQ.


For the Defendant: BALAREZO LAW
                       400 Seventh Street, N.W.
                       Suite 306
                       Washington, DC 20004

                  BY:  A. EDUARDO BALAREZO, ESQ.



                       LAW OFFICES OF JEFFREY LICHTMAN
                       11 East 44th Street
                       Suite 501
                       New York, New York 10017

                  BY:  JEFFREY H. LICHTMAN, ESQ.
                       PAUL R. TOWNSEND, ESQ.



                       LAW OFFICE OF PURPURA and PURPURA
                       8 E. Mulberry Street
                       Baltimore, Maryland 21202

                  BY:  WILLIAM B. PURPURA, ESQ.


Court Reporter:        Denise Parisi, RPR, CRR
                       Official Court Reporter
                       United States Courthouse
                       225 Cadman Plaza East
                       Brooklyn, New York 11201
                       Telephone: (718) 613-2605
                       E-mail: DeniseParisi72@gmail.com
```

Proceedings recorded by computerized stenography. Transcript produced by Computer-aided Transcription.

Proceedings                                                    7089

1              (In open court; jury not present.)
2              (Defendant enters the courtroom 3:15 p.m.)
3              THE COURTROOM DEPUTY:  All rise.
4              THE COURT:  Have a seat, please.
5              Okay.  We have three notes from the jury.  The first
6    one says two things:  First, it says:  Can we please have the
7    testimony of Scott Schoonover?
8              We've marked that as Court Exhibit 13.
9              (Court's Exhibit 13 received in evidence.)
10             THE COURT:  It then goes on to say:  Can we please
11   leave at 4:15?
12             Court Exhibit 14 is:  We are requesting Cliffton
13   Harrison's testimony.
14             (Court Exhibit 14 received in evidence.)
15             THE COURT:  I understand the parties have pulled
16   together the testimony of those two witnesses and we are going
17   to read it to the jury; is that right?
18             MR. PURPURA:  That's correct.
19             MS. PARLOVECCHIO:  Yes, Your Honor.  We have pulled
20   it together.  We are also fine with sending it back to the
21   jury if that would expedite things since there's less than an
22   hour left to the day.
23             MR. PURPURA:  Whatever the Court decides, obviously,
24   would be appropriate, but if you are going to send it back, I
25   would ask the Court again to instruct the jury the same way

Proceedings                                                         7090

you instructed the jury on the first time; they should give no greater weight to this than the other evidence.

THE COURT: Okay. I will remind them of that. It's about 15 to 20 pages, as I understand it, each witness, which probably means about 20 minutes of reading. It's right on the border, really.

MR. LICHTMAN: Judge, I would ask -- I think you had mentioned last week that if it was up to an hour, you would read it back. It's only going to be --

THE COURT: I don't recall saying that. That seems a bit long for me, but if you want me to read it to them, we will.

MR. LICHTMAN: I would rather.

THE COURT: Okay.

Now, the harder question that you don't know about is Court Exhibit 15, which says: Does a violation have to be proven or not proven unanimously?

(Court Exhibit 15 received in evidence.)

THE COURT: How would the parties like me to answer that? I think the Government's turn.

MS. PARLOVECCHIO: Your Honor, at least three of them must be proven unanimously.

MR. PURPURA: Violations must be proven unanimously beyond a reasonable doubt. You can even say all 12 -- to make it simple, all 12 must agree to a violation.

Proceedings                                                      7091

1            MR. LICHTMAN:  Any violation.

2            MS. PARLOVECCHIO:  Your Honor, I think it's in the

3    jury instructions.  Perhaps it would just be easier between

4    the parties, since we've already agreed to the jury

5    instructions, to direct their attention to the particular

6    portion of the jury instructions that addresses this issue.

7            THE COURT:  Yes.  I think that's the thing to do.

8    It is in there.  I think there's some chance that they're

9    unsure whether they have to agree on all 27 of Count One,

10   because I'm not sure the instructions expressly told it.  They

11   did, by implication, that in order to convict on Count One,

12   they have to unanimously agree on Three; and the implication

13   being they don't have to unanimously agree on the others if

14   they agree on Three.  But I think the better course is to

15   refer them back to the instructions where we did define this.

16           Does anyone have the page number where that would

17   be?  Let's take a look before we bring them in.

18           MS. PARLOVECCHIO:  We can take a look, Your Honor.

19           THE COURT:  Okay.

20           MS. PARLOVECCHIO:  Your Honor, this is addressed in

21   the jury instructions on the penultimate paragraph of page 49

22   through the first paragraph on the top of page 50.

23           MR. PURPURA:  Page 49?  I'm sorry.

24           MS. PARLOVECCHIO:  Yes, starting at the bottom of

25   page 49 through the top of page 50.  So starting with "respect

1   to the second element of Count One."
2               THE COURT:  Yes, that's it.
3               Defense agrees?
4               MR. PURPURA:  One second, Your Honor, please.
5               THE COURT:  Okay.
6               MR. BALAREZO:  Were was it again?
7               THE COURT:  The incomplete paragraph at the bottom
8   of page 49 continuing on to page 50.
9               MR. PURPURA:  It's obvious -- it's acceptable, yes.
10              THE COURT:  Okay.
11              All right.  Let's bring the jury in, please.
12              You should sit.  It's going to take a while to line
13  them up.
14              (Pause.)
15              MS. PARLOVECCHIO:  Your Honor, just briefly, in
16  regards to the instruction Your Honor is going to read to the
17  jury, we would also request that we read --
18              THE COURT:  Oh, I'm not going to read it to them.
19              MS. PARLOVECCHIO:  Oh, you're not.  You are just
20  going to direct --
21              THE COURT:  I'm just going to direct them to the
22  page number.
23              MS. PARLOVECCHIO:  Okay.  Because the paragraph
24  before the last paragraph on the bottom of page 49 may also
25  address the issue as to whether they have to find unanimously

Proceedings 7093

1  in all 27 to the extent there's confusion about that.
2              THE COURT:  Yes, I'm going to give both paragraphs.
3              MR. PURPURA:  Your Honor, even though you are going
4  to read to them, you will still give them the same general
5  instruction you gave earlier on the first request?
6              THE COURT:  Yes.
7              (Jury enters 3:26 p.m.)
8              THE COURT:  All right.  Everyone be seated.
9              Hello there, ladies and gentlemen.  We have your
10 three notes.  With regard to the testimony of Scott Schoonover
11 and Cliffton Harrison, those are both fairly short, and since
12 my preference is to read it to you when it's not too long, we
13 are going to have the court reporters read it to you, so
14 please listen carefully.  We'll start with the testimony of
15 Scott Schoonover.
16             (Record read.)
17             THE COURT:  How many pages was that?  Let me ask the
18 reporter.
19             THE COURT REPORTER:  Twenty-two.
20             THE COURT:  How long is the next witness?  How many
21 pages?
22             THE COURT REPORTER:  It's a little longer, Judge.
23             THE COURT:  I think I'm going to send it back.
24             I will remind you, ladies and gentlemen, whether you
25 hear the testimony reread to you orally here in court or you

Proceedings                                                     7094

get a physical copy of the transcript, don't take out of context anything you hear here or bring back into the jury room with you. You have got to evaluate the testimony as a whole and not give any particular weight to any one particular piece of evidence. So we'll send that back in for you to have.

In addition, you've asked a question of whether a violation has to be proven or not proven unanimously. That question is answered in the instructions that you have. I'm going to refer you to the last two paragraphs on page 49 that carry over onto the top of page 50 and that should answer that question for you.

And then, lastly, we have your request that you again leave at 4:15 today. That is, of course, fine. I will take this opportunity to give you the usual admonitions about not communicating, staying away from media coverage, not posting anything about this, and keeping it out of your mind entirely until you are all back in the jury room tomorrow at 9:30. So from the time you leave, you stop talking about the case and you don't start talking until all 12 of you are back there again tomorrow morning.

So have a good night. Thanks again for your hard work. We know this isn't easy and we appreciate it.

Thank you.

(Jury exits 3:48 p.m.)

|  | Proceedings | 7095 |
|---|---|---|

1   THE COURT:  Okay.  Unless we get any other requests
2  from the jury, we will stand in recess until tomorrow.
3   MS. PARLOVECCHIO:  Thank you, Your Honor.
4   MR. BALAREZO:  Thank you, Judge.
5
6   (Matter adjourned to February 12, 2019, at 9:30 a.m.)
7
8   ooo0ooo

# INDEX

## INDEX OF EXHIBITS

| COURT EXHIBITS: | PAGE: |
|---|---|
| Court's Exhibit 13 | 7089 |
| Court Exhibit 14 | 7089 |
| Court Exhibit 15 | 7090 |

*****