LAW OFFICES OF

# JEFFREY LICHTMAN

11 EAST 44TH STREET
SUITE 501
NEW YORK, NEW YORK 10017
www.jeffreylichtman.com

JEFFREY LICHTMAN
JEFFREY EINHORN
PAUL TOWNSEND

PH: (212) 581-1001
FX: (212) 581-4999

November 6, 2018

**FILED VIA ECF & UNDER SEAL**
Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11217

      Re: **United States v. Guzman Loera, S4 09 CR 466 (BMC)**

Dear Judge Cogan:

      I am writing on behalf of defendant Joaquin Guzman Loera to respectfully request clarification and reconsideration of certain rulings from the Court's November 4, 2018 Order (Dkt. No. 414). Specifically, with regard to CW10's threats to expose details about the witness protection program to both the media and the Sinaloa Cartel, we wish to ensure that we have a clear understanding of the boundaries for the permissible lines of cross-examination. Additionally, we respectfully request that the Court revisit its decision to prohibit the defendant from cross-examining CW10 about auditory hallucinations (see Dkt. No. 414, at ¶ 13), as this particular condition is probative of his ability to recall events to which he will be testifying. Cortijo v. Bennett, No. 03 Civ. 5102 (LAP)(GWG), 2010 WL 2079711, at * 1 (S.D.N.Y. May 17, 2010) (court permitted testimony that mental illness consisting of hearing non-existent voices makes it possible for a witness to be unable to distinguish between reality and delusion).

      First, in is November 4, 2018 Order, the Court noted that CW10's threats ▮▮▮ the witness protection program "create[s] some potential bias on CW10's part," to the extent that CW10 has an incentive to testify a certain way to "get back in the Government's good graces." Dkt. No. 414, at ¶ 16. Similarly, the Court indicated that the "defendant is entitled to explore on cross-examination CW10's *potential* bias." Id., at p. 10, fn. 7 (emphasis in original). Indeed, a witness' bias is unquestionably an appropriate topic for cross-examination (United States v. Turcotte, 515 F.2d 145, 151 (2d Cir. 1975)), and such may be explored where a witness may seek to get back in good standing with the government. See United States v. Miles, 480 F.2d 1215, 1217 (2d Cir. 1973) (witness may have motive to testify in a manner that would ingratiate him with the government).

JEFFREY LICHTMAN

Hon. Brian M. Cogan
United States District Judge
November 6, 2018
page 2

    The Court, however, also referenced a previous ruling, the October 25, 2018 Order (Dkt. No. 390), regarding the government's second tranche of motions *in limine*, wherein it granted the government's request to preclude questioning related to the witness security program and cooperating witness' family members. Dkt. No. 390, at ¶ 29. The defendant was granted the opportunity to elicit testimony concerning the substantial non-monetary assistance provided to CW10 and CW10's family, and to argue that CW10 has incentive to testify for the government to maintain or increase that assistance. Dkt. No. 414, at ¶ 17. That limitation notwithstanding, the defendant was cautioned against eliciting information regarding the program or ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Id. The October 25, 2018 Order does not mention CW10's threats to expose program details.

    Out of an abundance of caution, the defendant seeks clarification regarding the extent to which CW10 may be cross-examined with regard to his threats to provide program details to the media or Sinaloa Cartel. To be clear, the defendant does not intend to inquire into the actual details which were the subject of those threats, i.e. the program specifics, but rather that these threats were made, and that they consisted of providing information directly to the media and cartel. Counsel does not wish to inadvertently run afoul of the Court's ruling due to a misunderstanding of the appropriate topics and parameters for cross-examination.

    <u>Second</u>, the defendant respectfully requests that the Court reconsider its decision to preclude cross-examination on CW10's admission that he has suffered from auditory hallucinations. <u>See</u> Government's October 19, 2018 Motion *in Limine*, at p. 8; <u>see</u> also Dkt. No. 414, at ¶ 13. In its Order, the Court reasoned that "[t]here is no evidence that this mental impairment was permanent or that it will affect CW10's ability to testify truthfully at trial." Dkt. No. 414, at ¶ 13. But the mere fact that CW10 was hearing voices casts doubts about his ability to perceive events as he has admitted to experiences which by their very nature demonstrate a break with reality. Despite the fact that CW10 claims that these issues all began after his 1998 arrest, the array of psychological issues which have plagued CW10, the most troubling being his admission to hearing non-existent voices, certainly demonstrate that there are issues with his ability to distinguish reality from fiction, a fact which the jury should be aware of when determining whether or not to credit his testimony. In this manner, other courts have permitted exploration into a witness' auditory hallucinations where it may impact his ability to accurately recall events. <u>United States v. Peters</u>, 236 F.App'x. 217, 222 (7th Cir. 2007) (defense entitled to "delve into" evidence that the witness's ability to accurately perceive and report was affected by mental illness); <u>Parker v. Ercole</u>, 582 F.Supp.2d 273, 305 (N.D.N.Y. 2008) (denying government's motion to preclude cross-examination on witness' hearing voices).

JEFFREY LICHTMAN

Hon. Brian M. Cogan
United States District Judge
November 6, 2018
page 3

      Withholding this information from the jurors deprives them of a critical piece of information which is required to accurately assess the strength of CW10's testimony, and the denial of the right to effective cross-examination "would be a constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it." Davis v. Alaska, 415 U.S. 308, 318 (1974) quoting Brookhart v. Janis, 384 U.S. 1, 3 (1966).

      For the foregoing reasons, we respectfully request clarification with regards to the November 4, 2018 Order, and request reconsideration of the Court's decision to preclude cross-examination concerning CW10's auditory hallucinations.

                                          Respectfully submitted,

                                          Jeffrey Lichtman

cc:    All counsel (by email and ECF)