The New York Times Company

RECEIVED
HON. Brian M. Cogan
JUL 23 2019

July 22, 2019

**VIA HAND DELIVERY**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Beltran-Levya, et al.*, 09-cr-466 – Unsealing Application

Dear Judge Cogan:

I write on behalf of The New York Times Company ("The Times"), which last week submitted a letter application to the Court seeking unsealing of records in the above-captioned case. The letter was faxed to the Court on July 15, 2019, but has not yet appeared on the docket. The Times respectfully requests that the letter (enclosed here) be docketed at the Court's convenience.

Respectfully submitted,

David E. McCraw

cc: All counsel of record (via e-mail)

********************
*** FAX TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| JOB NO. | 1194 |
| DESTINATION ADDRESS | 917186132236 |
| SUBADDRESS | |
| DESTINATION ID | |
| ST. TIME | 07/15 09:32 |
| TX/RX TIME | 02' 17 |
| PGS. | 5 |
| RESULT | OK |

The New York Times Company

David McCraw
Vice President &
Deputy General Counsel

T 212 556 4031

mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

July 15, 2019

**VIA FAX**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Beltran-Levya, et al.*, 09-cr-466 – Unsealing of Records

Dear Judge Cogan:

I write on behalf of The New York Times Company ("The Times") regarding a new issue with the sealing of records in this case. Specifically, a recent decision by the Court erroneously concluded that judicial documents could be sealed on the basis that information in the documents had initially been introduced into the case as confidential discovery materials. In fact, the Second Circuit has made clear that once documents are filed with a court, they are subject to a right of access – even if they had once been confidential.

The Times's application here focuses on three sets of sealed judicial records:

(i) The exhibits appended to Defendant's motion to suppress evidence relating to "FlexiSpy" spyware accounts (the "FlexiSpy Motion"), *see* Dkt. 263;

(ii) The exhibits appended to the Government's opposition to that motion (the "Opposition"), *see* Dkt. 276; and

The New York Times Company

David McCraw
Vice President &
Deputy General Counsel

T 212 556 4031

mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

July 15, 2019

**VIA FAX**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Beltran-Levya, et al.*, 09-cr-466 – Unsealing of Records

Dear Judge Cogan:

I write on behalf of The New York Times Company ("The Times") regarding a new issue with the sealing of records in this case. Specifically, a recent decision by the Court erroneously concluded that judicial documents could be sealed on the basis that information in the documents had initially been introduced into the case as confidential discovery materials. In fact, the Second Circuit has made clear that once documents are filed with a court, they are subject to a right of access – even if they had once been confidential.

The Times's application here focuses on three sets of sealed judicial records:

(i) The exhibits appended to Defendant's motion to suppress evidence relating to "FlexiSpy" spyware accounts (the "FlexiSpy Motion"), *see* Dkt. 263;

(ii) The exhibits appended to the Government's opposition to that motion (the "Opposition"), *see* Dkt. 276; and

(iii) A portion of Defendant's motion to suppress evidence obtained from computer servers in the Netherlands (the "Dutch Servers Motion"), *see* Dkts. 264, 611-5, and all of the exhibits appended thereto.

The Court's recent unsealing order addressed some of these records. *See* Dkt. 631. The Court declined to unseal the exhibits to the FlexiSpy Motion, finding

them to be "items of discovery provided by the Government to defendant, which are not generally considered public information." *Id.* at 1. The Court did not rule on the exhibits appended to the Government's Opposition. *See id.* at 2.[1] It also did not address the sealing of exhibits filed in support of the Dutch Servers Motion,[2] but it upheld a redaction to the Motion itself to "protect[s] information contained in items of discovery which are quoted in those filings." *Id.*

These rulings are not consistent with this Circuit's precedents on the public's First Amendment right of access to judicial records. However records make their way into a defendant's hands, they indisputably become judicial documents subject to public access once filed in connection with a motion to suppress. That right may be curtailed only by specific, on the record findings that sealing is necessary and narrowly tailored to serve higher values – a standard not met here.

On the law, there is no room for dispute: a motion to suppress, along with all documents filed in support thereof or opposition thereto, are judicial documents to which the public has a constitutional right of access. The Second Circuit settled that question over thirty years ago in *In re N.Y. Times Co.*, 828 F.2d 110 (2d Cir. 1987). The defendants in that case contended that the access right does not extend to the Title III wiretap material filed with a suppression motion. *See id.* at 114. The Court rejected that proposition, reasoning that the sealing requirements of Title III "cannot override a constitutional right." *Id.* at 115. The basis for that right, as the Court explained, is that "[p]ublic disclosure of [suppression] proceedings enhances the basic fairness of the judicial process and

[1] The Government proposed to keep the exhibits to the Opposition under seal, *see* Dkt. 610 at 1 nn. 1 & 2, but as the Court noted no such exhibits appear on the docket. *See* Dkt. 631 at 2. The Government subsequently clarified that the exhibits were too large to be filed electronically and were instead provided to the Court on a disc. *See* Dkt. 632 at 1. To be sure, that the exhibits were never filed on the docket does not affect their status as judicial documents. *See, e.g.*, *United States v. Ullah*, 18-cr-16-RJS, Dkt. 56, at 2 n.1 (S.D.N.Y. Nov. 5, 2018) (parties "cannot skirt the public's right of access to judicial documents simply by declining to file a document with the Clerk").

As for the Opposition brief itself (*i.e.*, without the exhibits), both the Government and Defendant have agreed that it can be unsealed. *See* Dkt. 610 at 1. The Court opted to keep the document under seal while awaiting clarification on the question of the exhibits. *See* Dkt. 631 at 2. Anticipating that the Court will unseal the Opposition shortly, The Times does not address the merits of its sealing here.

[2] The parties' joint letter addressed the unsealing of the Dutch Servers Motion, but apparently not the exhibits appended thereto. *See* Dkt. 610 at 2-3.

the appearance of fairness that is essential to public confidence in the system." *Id.* at 114. Access to suppression motions also serves the "legitimate public interest in knowing the grounds on which government conduct in obtaining evidence is challenged." *Id.* (quoting *In re Application of Herald Co.*, 734 F.2d 93, 101 (2d Cir. 1984) (internal marks omitted)); *see also United States v. Rajaratnam*, 708 F. Supp. 2d 371, 374 (S.D.N.Y. 2010) (the public "plainly has a First Amendment right of access to the documents submitted to this Court in connection with [motion to suppress]"); *United States v. Silver*, 2016 U.S. Dist. LEXIS 51057, at *8 (Feb. 23, 2016).

The holding of *In re N.Y. Times Co.* is dispositive in this case. All of the sealed material at issue here was submitted in connection with two motions to suppress. Those motions contended that the means by which the Government obtained evidence from servers in the United States and abroad violated the Fourth Amendment and Federal Rule of Criminal Procedure 41. *See generally* Dkts. 263, 611-5. The exhibits in the motion papers – including affidavits submitted in support of search warrants, the search warrants themselves, and Mutual Legal Assistance Treaty ("MLAT") requests by the U.S. Government to its Dutch counterpart – were critical components of both the motions and the Court's decision to deny them. *See, e.g.*, Dkt. 307 at 17-23 (examining facial and procedural validity of warrants). And, the fact that the records were originally provided to Defendant in discovery under a protective order does nothing to undermine the existence of the access right, just as Title III's sealing requirements did not in *In re N.Y. Times Co.*

The benefits of public access also bear emphasis. Access to these records furthers the public's interest in knowing the basis on which Government surveillance is challenged and in meaningfully monitoring the Court's resolution of those disputes. *See In re Application of Herald Co.*, 734 F.2d at 98 ("There is a significant benefit to be gained from public observation of many aspects of a criminal proceeding, including pretrial suppression hearings that may have a decisive effect upon the outcome of a prosecution."). Access also promotes the public's confidence in the judiciary. On this point, Chief Justice Burger's words in *Richmond Newspapers v. Virginia* remain apt today:

> People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing. When a criminal trial is conducted in the open, there is at least an opportunity both for understanding the system in general and its workings in a particular case.

448 U.S. 555, 572 (1980) (plurality opinion).

The showing required to overcome the First Amendment right is demanding: "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Loera*, 2018 U.S. Dist. LEXIS 192614, at *13 (E.D.N.Y. Nov. 11, 2018) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal marks omitted)).[3] The Times presumes that whatever need for sealing existed has passed, given Defendant's conviction and the fact that the motion papers have largely been made public. To the extent any sealing remains necessary to protect compelling interests, it must be narrowly tailored and supported by on the record findings.[4]

Lastly, The Times respectfully reiterates its request that the Court release the exhibits to the Government's April 5, 2019 unsealing letter, Dkt. 600 – documents it has already determined can be partially unsealed. The exhibits are redacted versions of docket items 420, 477, 484, and 528. The parties agreed in April that they could be partially unsealed, *see* Dkt. 601 at 1, and the Court approved their release with redactions, *see* Dkt. 603 at 2. However, they continue to remain inaccessible, despite The Times's request in its prior letter that they be released. *See* Dkt. 628 at 2.

We thank the Court for its consideration of this request, as well as its diligence in acting on The Times's prior access and unsealing requests.

---

[3] There is also a common law right of access to the records at issue here, *see, e.g.*, *Lugosch*, 435 F.3d at 124, but the analysis here focuses on the more stringent First Amendment standard.

[4] It is worth noting that many of the records at issue here – particularly those related to search warrants – would have been subject to a right of access even if they had not been filed in connection with the suppression motions. *See, e.g.*, *United States v. Cohen*, 366 F. Supp. 3d 612, 621 (S.D.N.Y. 2019) ("Like other courts in this circuit, this Court concludes that search warrants and search warrant materials are entitled to a strong presumption of public access.") (collecting cases). Here again, the fact that the records were provided in discovery has no bearing on their status as judicial documents. *Cf. Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (unfiled discovery materials may be "put under seal" under Federal Rule of Civil Procedure 26(c) upon a showing of "good cause," but "[a]t the adjudication stage . . . very different considerations apply").

Respectfully submitted,

David E. McCraw

cc: All counsel of record (via e-mail)